## Marsh *v.* Graham.

A plaintiff, who voluntarily submits to a non-suit, cannot assign for error, or have reviewed in the appellate court, the rulings and decisions of the court below.

*Appeal from the Lee District Court.*

Thursday, April 15.

The record in this case shows, that the parties appeared, and the cause coming on to be heard, a jury was regularly impannelled and sworn, "and after some other proceedings, the plaintiff takes a non-suit." Judgment was then rendered in favor of defendants, for costs. Afterwards, plaintiff moved to set aside said non-suit, because of error in the instructions given by the court to the jury, which motion was overruled. Plaintiff appeals.

· *H. Scott Howell*, for the appellant.

*McCrary & Bruce*, for the appellee.

WRIGHT, C. J.—It is assigned for error: *First*, That the court below erred in excluding certain evidence; *Second*, In giving certain instructions; *Third*, In overruling the motion to set aside the judgment of non-suit, and reinstate the case.

Appellee first urges that plaintiff, having voluntarily submitted to a non-suit, he cannot assign for error, or have reviewed in this court, the rulings and decisions of the court below. And this position, we think, is correct, and decisive of the whole case.

The Code provides, that when there is no counter claim of defendant to be considered, the plaintiff may, at any time before the jury return with their verdict, submit to a non-suit at his own costs. Section 1803. If a plaintiff shall thus submit to a non-suit, reserving no right or leave to move to set it aside, can he, as in this case, upon a mere motion, unsupported by any showing of equitable circum stances—of surprise, prejudice or mistake—again call upon the court to act, or complain of those rulings which he insists compelled him to withdraw his case from the consideration of the jury? We think not. If there was error in the instructions of the court, in excluding testimony, or in any other particular, he should have excepted at the time, and thus prepared himself for a hearing in this court. When, however, he submits to a non-suit, it is his own voluntary act—he withdraws his case, and is in no better condition to have the rulings of the court reviewed here, than if he complained that there was error in an instruction asked by him, and given by the judge, or that the court had erred in sustaining a motion made by himself. The submitting to the non-suit is his own act, and not the act or decision of the court, and does not prevent the commencement of a new suit, for the same cause of action. This rule we understand to be well settled, where, as in this case, the plaintiff is voluntarily non-suited.

*Moore* v. *Herndon*, 5 Blackf., 168; *Vestal* v. *Burditt*, 6 Ib., 555; *Evans* v. *Phillips*, 4 Wheat., 73; *Van Wormer* v. *Mayor of Albany*, 18 Wend., 169; *United States* v. *Evans*, 5 Cranch, 280; *Welch* v. *Mandeville*, 7 Ib., 152.

Judgment affirmed.