## The State of Iowa v. Elgin *et al.*

1. PRESUMPTIONS AS TO JURISDICTION. In the absence of a complete transcript of the record of the proceedings in the court below, a recital in the judgment of the court that the defendants had been duly served with notice is sufficient to raise the presumption in the Supreme Court that the service necessary to give the court below jurisdiction of the parties was made.

2. DEFAULT: NEGLIGENCE OF ATTORNEYS. The Supreme Court will not interfere with an order of the court below refusing to sustain a motion to set aside a default when the affidavits show only the negligence of defendant's attorney in excuse for such default.

3. SAME: GOOD DEFENCE. An application to set aside a default should show that defendant has a meritorious defense to the action.

4. RECOGNIZANCE. Under section 3219 Code of 1851, a recognizance to appear and answer to an indictment may be acknowledged and approved in open court.

5. PRESUMPTION. In the absence of a record of the evidence received in the court below the Supreme Court will presume that it was sufficient to justify the finding of the court.

*Appeal from Appanoose District Court.*

THURSDAY, OCTOBER 18.

THIS was a proceeding by *scire facias* upon a bail bond. Judgment in favor of the State. Defendants appeal. The material facts are stated in the opinion.

*George G. Wright,* with whom was *Baker & Dungan* and *A. Harris,* for the appellants, presented the following points and authorities.

I. On appeal, the jurisdiction of the court over the parties

The State of Iowa v. Elgin, et al.

must appear affirmatively. It is not sufficient that the journal entry shall state that the court found that due ser vice was made by publication. *Woodward* v. *Whitescarver et ux*, 6 Iowa 1; *Quillan* v. *Windsor*, Ib. 396; *McCormick* v Bishop, 3 G. Greene 99; *Sprote* v. *Marshall*, 4 Ib, 344; Pinkney v. *Pinkney*, Ib. 324; *Temple et al* v. *Carstens et al*, 1 Ib 492; *Diltz et al* v. *Chambers*, 2 Ib. 479; *Carr* v. *Kopp*, 3 Iowa 80.

II. The Judge of the District Court acting in open court is not a *magistrate* within the meaning of section 3229 of the Code. *The State of Iowa* v. *Carr*, 4 Iowa 289.

III. There is nothing in the record which shows that the presence of Elgin was ever required by the State. He was in no default until his presence was desired for some purpose legal and legitimate. *The State of Iowa* v. *Gorley* and *Cloud*, 2 Iowa 52; 12 Mass. 1; 4 Denio 551; 7 Blackf. 225.

*S. A. Rice*, Attorney General, for the State.

BALDWIN, J.[1]—The first position assumed by appellants is that the court erred in rendering judgment against all of the defendants, when as to three of them, Elgin, Gwynn and Merrill, there was neither any notice served, nor any appearance or waiver thereof. Service of the original notice as to these three defendants was made by publication, and upon proof thereof the court rendered judgment against them by default.

Such proof does not now appear in the records of this case. The entry made by the clerk that such proof was made, is not conclusive upon this point. But there is only a partial record of this case before us, and the finding of the court as appears from the record, in the absence of a complete transcript of the case, raises a sufficient presumption before this

1. WRIGHT, J., having been of counsel, took no part in the determination of this case.

The State of Iowa v. Elgin, et al.

court that such service had been made as would give the District Court jurisdiction over defendants[1].

It is further claimed that the court erred in refusing to set aside the default as against Robinson, Langford and Martin. This application was supported by affidavits in excuse for such default.

It appears from the transcript that the defendants had permission to file their answer in ninety days after the appearance term. Having failed to answer under this rule, or even by the first day of the succeeding term of the court, upon the application of said defendants the time for such answer was extended until the next day of said term. Having again failed to answer, judgment was entered by default.

The forgetfulness and carelessness of counsel are the substance of the excuse for the failure of defendant to plead. We do not regard the showing as sufficient to justify us in interfering with the ruling of the court, and more especially do we feel disposed not to reverse the judgment for this reason, as we do not think that the affidavits show that the defendants had any good defense to the plaintiff's right to recover, and therefore were not prejudiced by the refusal of the court to set aside the default.

It is further claimed that the court erred in admitting in evidence the bond sued on, under the objections of defendants. The objection interposed by the defendants was that the judge before whom the recognizance was executed had no power, as judge, to take the acknowledgements of defendants to said bond. Section 3219 of the Code provides that bail is put in by a written undertaking executed by one or more sureties, and acknowledged before the court or magistrate taking the same.

---

1. The following is the finding of the court as disclosed by the record, after a recital of the filing of proof of publication: "And the court find that the said defendants have been duly served with notice of the pendency of this cause, by publication for four consecutive weeks prior to ten days before the first day of the present term of this court."

It is averred in the petition for the writ, and appears upon the face of the bond, that the sureties appeared in open court, and their recognizance is certified by the judge as taken in open court. The recognizance was taken in compliance with the provisions of the Code, and the objection was properly overruled.

It is further claimed by appellants, that the defendant Elgin was not at any time required to be present and answer to the indictment found against him, and until the recognizance had been forfeited on account of his absence that the sureties were not liable. It is alleged in the writ that the defendant failed to appear as he was required to do, that each of the defendants were called and made default, and the recognizance declared forfeited. The appellant does not bring before this court by bill of exception or otherwise what purports to be all the evidence introduced upon the trial. In the absence of this showing as has been repeatedly decided by this court, we are to presume that there was sufficient evidence introduced to justify the finding of the District Court.

Judgment affirmed.