## CLARK ET AL. v. STEVENS.

1. **Practice:** NEGLIGENCE: STATUTE OF LIMITATIONS. Where a petition was not filed by the time fixed in the original notice, because of its having been mislaid and overlooked by the plaintiff's attorney, it was held that the action was discontinued through negligence in its prosecution, and that another subsequently commenced on the same cause of action could not be considered a continuation of the first, under the provisions of section 2537 of the Code.

### Appeal from Buchanan Circuit Court.

### THURSDAY, DECEMBER 16.

ACTION upon a promissory note. A demurrer to the petition was overruled, and, defendant electing to stand upon his demurrer, judgment was rendered for plaintiffs; defendant appeals. The further facts of the case appear in the opinion.

*Woodward & Cook*, for appellant.

*W. G. & J. S. Donnan*, for appellees.

BECK, J.—I. The promissory note sued upon matured December 1, 1869. This action was commenced by the service of a notice and the filing of the petition January 29, 1880. The original petition alleges "that on the 28th day of November, 1879, plaintiff commenced suit upon the note, delivered the original notice to the sheriff   *   *   *   *   with instructions to serve it immediately; that in the notice it 'was stated that the petition would be filed January 1, 1880; that the petition was accidentally mislaid, and was not actually filed until the 13th of January, 1880; that subsequent to the delivery of the notice to the sheriff, and prior to the filing of the petition, ten years elapsed from the date, December 1, 1869, when the right of action accrued."

Plaintiffs ask that this action be held to be a continuance

*1. PRACTICE: negligence: statute of limitations.*

of the action commenced November 28, 1879, and that the
cause of action be not held barred by the statute of limita-
tions.    An amendment to the petition, filed pursuant to a
judgment upon a demurrer thereto, is in the following lan-
guage:   "That the petition in first proceeding, filed January
13, 1880, was prepared by     *     *     one of plaintiffs'
attorneys in above entitled cause, at the time the notice was
drawn up, viz., on November 28, 1879; that said attorney
handed the notice to the sheriff with instructions to serve it
immediately and return the notice to him, the plaintiffs'
attorney, whose intention it was thereupon to file with papers,
at once and at the same time, in the clerk's office; that the
petition was inadvertently mislaid among other papers in his
office, and remained unnoticed; that the sheriff did not return
the notice to said attorney, but filed same in clerk's office;
that said attorney supposed and believed the said petition to
be on file, until, on said 13th day of January, 1880, desiring
to examine the same, he went to the clerk's office for that
purpose, and there, for the first time, became apprised of the
mistake, and of the fact that it had not been filed, when he
immediately filed it in clerk's office."

A demurrer to the petition as amended was sustained on
the ground that it appears the cause of action is barred by
the statute of limitations, in that this action cannot be re-
garded as a continuance of the action commenced November
28, 1879, because the petition shows that it was discontinued
by the reason of negligence of plaintiffs.   The ruling upon the
demurrer presents the only question in the case.

II.    Code, section 2600, provides that if the petition be
not filed by the date fixed in the notice, and ten days before
the term, "the action will be deemed discontinued."   Upon
the failure of plaintiff to file his first petition at the time
fixed in the notice, the law implied that it was discontinued
without any order of the court to that effect.   This is the
clear import of the language of the provision just cited.

Plaintiff's first action, then, had been discontinued at the time he commenced the second.

Code, section 2537, found in the chapter upon the limitation of actions, is in the following language: "If after the commencement of an action the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

We are to determine whether plaintiffs are to be regarded as negligent in the discontinuance of their first action. If it so appears, under this section of the Code, the action must be regarded as barred by the statute of limitations. As we have seen, upon the failure of plaintiffs to file their petition at the time fixed, the action was discontinued. We are to determine whether upon the facts shown in the petition this failure is to be regarded as negligence of the plaintiffs' attorney.

The allegations of the petition clearly show that the first petition was not filed in time, on account of the inadvertence and forgetfulness of the attorneys. This is nothing less than negligence. Surely it cannot be claimed that negligence to prosecute a suit will be excused upon the ground that the attorney charged therewith "inadvertently mislaid papers," and thus failed to do what the law requires shall be done. We do not understand that an intention to fail in the discharge of duty is an ingredient of negligence. A failure through inattention, inadvertency or forgetfulness, is always regarded as negligence, and through a fault of this character the action was discontinued. The petition does not show that the first petition was not filed on account of accident or mistake. It is a pure case of forgetfulness and "inadvertency."

It seems the attorney relied upon the sheriff's return to him of the papers to be reminded of the time for filing the petition. The sheriff, either through inadvertency or intention, disregarded the attorney's request. If the sheriff's act

was the cause of the failure to file the petition, it is none the less negligent. In that case the sheriff who was chosen by the attorney to remind him of the time of filing the petition, and thus became his agent for that purpose, was chargable with negligence. It is very plain that, whoever is in fault, the action was discontinued through negligence. In our opinion the demurrer to the petition as amended should have been sustained. The judgment of the Circuit Court is, therefore,

REVERSED.