MARY J. PARDEY v. THE INCORPORATED TOWN OF
MECHANICSVILLE, Appellant.*

**Limitations of Actions:** DISMISSAL: *Continuance.* Where plaintiff
relies on Code, section 2537 (providing that if the plaintiff fails in
1   a suit, for any cause except negligence in its prosecution, a new
suit, brought within six months, shall be deemed a continuation
2   of the first), before such a suit can be held a continuation, it must
appear that the first suit was dismissed from some cause other
than negligence in its prosecution.   Whether this statute applies
to cases wherein the Code requires notice of personal injury to be
given to municipal corporations, is not decided.

MUNICIPAL CORPORATIONS: *Notice of injury.*   Under the statute pro-
viding that an action against a city for personal injuries cannot
3   be brought after six months, unless written notice of the injury
has been given, the fact of the service of the notice is a material
allegation.   Whether the introduction of the original notice and
petition in a former and dismissed action would show the notice
here required, is not decided.

**Demurrer:** WAIVER.   Under express provisions of Acts Twenty-fifth
4   General Assembly, chapter 96, failure to demur does not waive
defects in the petition.

*Appeal from Cedar District Court.*—HON. W. P
WOLF, Judge.

TUESDAY, FEBRUARY 9, 1897.

ACTION for personal injuries caused by a defective
sidewalk.   Judgment for plaintiff, and the defendant
appealed.—*Reversed.*

*Preston, Wheeler & Moffit* for appellant.

*Charles W. Kepler* and *T. B. Hanley* for appellee.

GRANGER, J. — I.   The injury complained of
occurred June 18, 1894.   This action was commenced

*NOTE.—In this case, a motion for verdict and another in arrest of judgment, were
overruled,—REPORTER.

January 12, 1895.  The petition contains no averment of the service of a notice, as required by section 633 of McClain's Code.   It is there provided that no action shall be brought in cases of this character after six months from the time of the injury, unless written notice, specifying the place and circumstances of the injury, shall have been served on the municipal corporation within ninety days after the injury.   Within six months a suit was commenced, issue taken, and, before judgment, it was dismissed without prejudice, on motion of the plaintiff, at the November term, 1894.   On the trial of this case, plaintiff, against objections, was permitted to put in evidence the original notice and petition in the other case, to show the notice required by the section cited.   Defendant asked the court to instruct the jury to return a verdict for it, for the reason that no cause of action was presented in the petition, reliance being had on the failure to plead the service of the notice.   The question was again presented by a motion in arrest of judgment.   It is thought by appellee that this suit, inasmuch as it was commenced within six months after the dismissal of the first suit, is a continuation of that suit, under the provisions of Code, section 2537, as follows:  "If, after the commencement of an action, the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."   If it be conceded that the section limiting actions of this kind without the notice comes within the provisions of the section quoted, which we do not decide, we do not see how it aids appellee.

To make the section available, it must appear that the failure of the other suit was from some cause except negligence in its prosecution.   A query by

appellee in argument indicates that she thinks the other party must show the fact of negligence as the cause of the failure. It would not do to permit such a rule to obtain, for there is no presumption as to the cause of the failure to prosecute. The law does not presume negligence, nor does it, in such a case, presume against it, except that, in so far as it devolves on a party the burden of showing either the fact of negligence or the want of it, a presumption obtains against such party until it is overcome by proof. Appellee says she may have dismissed her action for a thousand reasons, and not one of them would impute negligence to her. This is likely true, and, for many reasons, it might have been dismissed, and the facts, when known, would show negligence. She is presumed to know the cause of dismissal, and the defendant is not presumed to know it. Before this suit can be held to be a continuation of the other, which is not the general rule where one suit follows another for the same cause of action, the fact, to make it so, must appear. Logically and legally, the party asking the benefit of such a fact should show it, and especially so where she is presumed to possess the knowledge and means for so doing. This question has not been ruled in this state, but the practice has been to test the question by the averments of the petition. See *Clark v. Stevens*, 55 Iowa, 361 (7 N. W. Rep. 591); *District Township of Spencer v. District Township of Riverton*, 62 Iowa, 30 (17 N. W. Rep. 105); *Archer v. Railway Co.*, 65 Iowa, 611 (22 N. W. Rep. 894). We think this action cannot be deemed a continuation of the former one.

II.   Appellee, to bring herself within the provisions of the act as to notice, where the suit is not commenced within six months from the time of the injury, put in evidence, against objections, the notice and petition in the former action; and the complaint as to

the admission of such evidence may be considered with a question presented by the motion in arrest of judgment, because it appears that the action was commenced after six months from the date of the injury, and the fact as to the giving of the notice, as required in such cases, is not stated in the petition. As this is not a continuation of the former action, it is not doubted that it cannot be maintained unless such a notice has been served. The question is, must the fact of such notice be pleaded to justify the admission of evidence to show the fact? The requiring of such notice is in the nature of a condition precedent to a right of action for the injury, after the expiration of the six months. The language of the act is: "No suit shall be brought against the corporation after six months from the time of the injury, unless written notice be given." The language of the act makes the giving of the notice a condition essential to a right to bring the action. In Nebraska a notice similar to ours is required. It is held in that state that the fact of the service of the notice is a "material allegation in order to state a cause of action." *City of Lincoln v. Grant* (Neb.) 56 N. W. Rep. 995; *Susenguth v. Town of Rantoul*, 48 Wis. 334 (4 N. W. Rep. 328); *Nichols v. City of Minneapolis*, 30 Minn. 545 (16 N. W. Rep. 410); *Low v. Inhabitants of Windham*, 75 Me. 113; *Reining v. City of Buffalo*, 102 N. Y. 308 (6 N. E. Rep. 792); *May v. City of Boston*, 150 Mass. 517 (23 N. E. Rep. 220). It is stated in some of the cases cited that the giving of the notice is a condition precedent to the right to prosecute the action. As the petition in this case did not plead the fact of notice, it did not state a cause of action; and hence there was no basis for the evidence offered and admitted to show that a notice was given. It follows that it was error to admit the evidence, and, further, the motion to arrest the judgment should have been

sustained. It is not to be understood that we hold that the notice and petition put in evidence would constitute the notice required by the law. We express no opinion as to that matter.

III. It is urged that, by the failure to demur to the petition, the defect is waived. This claim is made under a long existing rule to that effect, construing Code, section 2650, which expressly provided for such a waiver. Chapter 96, Acts Twenty-fifth General Assembly, in terms, amends the section of the Code, by str'king out the words under which the rule was announced; and the chapter expressly provides that "no pleading shall be held sufficient on account of a failure to demur thereto." It may further be said that the rule as to such a waiver did not obtain as against a motion in arrest of judgment. See *Linden v. Green*, 81 Iowa, 365 (46 N. W. Rep. 1108).

It is not necessary to consider other questions, and the judgment will stand REVERSED.