HENRY WILLENBURG V. CAROLINE C. HERSEY, Appellant.

**Decree:** IMPEACHMENT. A recital in a decree of foreclosure that defendant appeared by attorney, who was her husband, is conclusive as to such appearance where the only evidence to show the recital erroneous is testimony by the husband, who is also a party, that she did not appear or answer, and that he knew she did not, because she told him so. and he filed the answer himself, where it is not alleged that he had no authority to do so.

EVIDENCE   A contention that a party defendant in a foreclosure proceeding was not served and did not appear in the action, although the decree rendered recites such appearance, is not established by a paragraph therein pro iding that the cause be "continued as to the other defendants for service," where there were other defendants than the party whose appearance is denied.

SAME. The recitals of a decree cannot be contradicted by extrinsic evidence which is not clear and positive.

SAME. No inference will be drawn or presumptions indulged in in ref erence to the recitals in a decree, except such as support the decree,

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, FEBRUARY 12, 1898.

ACTION to quiet title to certain real estate. There
was a cross-petition by defendant. Upon the hearing,
there was a decree for plaintiff. Defendant appeals.—
*Reversed.*

*F. M. Powers* for appellant.

*F. M. Davenport* for appellee.

WATERMAN, J.—This action was originally brought
in the name of H. B. Barbee, as plaintiff. Subsequently,
Henry Willenburg having purchased the land of H. B.
Barbee, he was substituted as plaintiff. The land in
question is the northeast, northwest, 16—82—34, in
Carroll county. The petition is in the ordinary form for
actions of this nature. The defendant answers by general
denial and in a cross-petition, claims title to the land,
and asks that the same be quieted as against plaintiff.
Both parties claim through one Henry J. Cooley, who
obtained title to the forty acres in question October 18,
1882. Plaintiff's title was derived through a sale under
general execution issued on a judgment of a justice of
the peace against Cooley, in favor of one Arts, a tran-
script of which was filed in the office of the clerk of the
court March 10, 1879. The sheriff's deed to H. B. Bar-
bee, executed on said sale, was dated February 14, 1887,
and duly recorded. So much for plaintiff's title. While
the abstract is not very full or clear, it is safe to say as
to defendant's title that she held a mortgage on the
land which was executed by said Henry J. Cooley. This
mortgage was duly foreclosed, and the land sold, and
conveyed by sheriff's deed to defendant. This deed was
dated September 8, 1890, and filed for record the follow-
ing day. It appears that Cooley, on September 29, 1889,
by quit-claim deed, conveyed his interest in the land
to Thomas F. Barbee, the husband of H. B. Barbee.
The proceedings in the action for foreclosure are not set

out entire in the record, but the decree appears in full. The material portions of this decree will be stated, for its construction is important in view of the claims of the respective parties. It is entitled: "Caroline C. Hersey vs. Thomas F. Barbee and Henrietta B. Barbee, His Wife, Henry J. Cooley, Joel V. Cole, George W. Paine and Francis B. Paine, His Wife." Among other recitals are these: "Plaintiff appeared by George W. Paine, her attorney, and defendants Thomas F. Barbee and H. B. Barbee, his wife, appeared by Thomas F. Barbee, attorney; * * * whereupon the plaintiff offers her evidence and proofs, and the same are duly considered by the court, and thereupon the court finds that the allegations of the plaintiff's petition are true, and that there is justly due the plaintiff on the promissory note of Henry J. Cooley, sued on herein, the sum of one thousand two hundred and one dollars and forty cents, and for attorney's fees, as stipulated in the mortgage, the sum of fifty-two dollars. * * * It is therefore considered and adjudged by the court that the plaintiff, Caroline Hersey, have and recover of the defendant Thomas F. Barbee the said sum of one thousand two hundred and one dollars and forty cents, etc. * * * And it is further adjudged and decreed that the liens, interest, and estate of the defendants in and to the mortgaged premises [describing them] are inferior and junior to the lien of plaintiff's mortgage thereon; that the equity of redemption of each and all of the defendants in and to said real estate be, and the same are, forever barred and foreclosed. * * * And this cause is hereby continued as to the other defendants for service."

Thomas F. Barbee testified on the trial that his wife told him that she was never served with notice of

this foreclosure proceeding. This evidence was objected to, and it was clearly incompetent. He also testified that his wife did not appear in said action.

His testimony on this point is very brief. It is as follows: "She did not appear in that action. She did not answer." Cross-examination: "I know that she did not answer or appear in that case, because I filed answer myself. * * * I know she did not appear in that suit, because she told me so." He also says that he was attorney for his wife in all cases. Nowhere does he assert that he did not, with authority, appear for her. It may be claimed that, by inference, his testimony excludes the idea of an appearance for his wife; but the difficulty about this is that, if presumptions are to be indulged in, they must all be held to support the recitals of the decree. *Emigrant Co. v. Fuller*, 83 Iowa, 599; *Toliver v. Morgan*, 75 Iowa, 619; *Suiter v. Turner*, 10 Iowa, 517; *State v. Elgin*, 11 Iowa, 216; *Campbell v. Ayres*, 6 Iowa, 339. As stated in these cases, the presumptions are in favor of the jurisdiction of the district court and the verity of its judgment. If extrinsic evidence can be received to contradict its recitals, such evidence must be clear and positive. The testimony in this case is by no means of that character. It leaves too much to inference. We think the decree must be held good for what it says. This decree, in terms, establishes defendant's mortgage lien as prior and superior to any claim of said H. B. Barbee. Inasmuch as it was rendered long after the interest of the latter had been acquired by execution sale under the Arts judgment, it determines in favor of defendant her claim to a paramount title.

Plaintiff lays much stress upon the closing paragraph of the decree, in which it is said that the cause is

"continued as to the other defendants for service," and seems to insist that this expression is inconsistent with the idea that any defendant other than Thomas F. Barbee was before the court. But there were other defendants than Barbee and his wife, and, to give all of the recitals of the decree effect we must construe this last clause as referring to those who were not served with notice, and who did not appear. To meet the argument of appellee's counsel, we will say that it makes no difference that Mrs. Barbee was not served with notice of the action in foreclosure if she appeared in court in that proceeding; and this, the decree recites, she did. We think defendant should have had a decree in her favor on her cross-bill. If she so elects, she may have a decree in this court. For the present, the entry here will be simply that the decree of the district court is REVERSED.