Wilson's Admr. v. DeLoach, etc.

Case 50—ACTION BY ORA LEE WILSON AS ADMINISTRA-
TRIX OF THE ESTATE OF C. J. WILSON DECEASED,
AGAINST R. DE LOACH, ETC., AND AFTER ITS DIS-
MISSAL A PROCEEDING WAS INSTITUTED BY THE AD-
MINISTRATOR, DE BONIS NON, TO HAVE THE CAUSE
REINSTATED ON THE DOCKET, SEPT. 28.

## Wilson's Admr. v. De Loach, &c.

| 123 | 393 |
| f123 | 404 |

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Motion to reinstate case on docket refused and Ap-
pellant appeals.    Affirmed.

Wilsons' Admr. vs. De Loach, Etc.

Striking Case From Dicket—Re-instated.
An order striking an action from the docket, without any reserva-
tion or qualification, is a dismissal of the action without pre-
judice, and, being a final order the court loses jurisdiction to
reinstate it after the expiration of the term at which it was
made.

TAYLOR and LUCAS, attys. for appellant.

### AUTHORITIES CITED.

Whaler v. Myers, 7 Ky. L. R. 756; Cornelison v. Stephens,
2 S. W. 122 (6 Ky. L. R. 417), vol. 3 Ency. of Pleading and Prac-
tice, page 810; Rutherford v. I. C. R. R. Co., 85 S. W. 199 ,(27
Ky. L. R. 397); Peerces Admr. v. I. C. R. R. Co., 86 S. W.
703; I. C. R. R. Co. v. Jones Admr. 80 S. W. 484.

WHEELER, HUGHES and BERRY for appellee.

### POINTS AND AUTHORITIES.

1.    The order striking the case from the Docket of the McCracken
circuit court, cannot be altered, amended or set aside at a subse-
quent term.

2.    That order terminated the case itself and was final. (Coleman
v. Harrison, Circuit Court, 3d Ky. Hardin, 179; Cravens v. Broad-
nax, Spring Term, 1808; Reed v. Thatcher, Spring Term, 1809;
Penn's. Admr. v. Emerson, Fall Term, 1803; Pryor v. Reddick,

Fall Term, 1805; Parker's Heirs v. Anderson's Heirs, etc., 5th Monroe et seq; A .hlock v. Commonwealth, 7th B. Monroe, 44; Henry v. Commonwealth, 4th Bush, 427; Commonwealth v. Bottoms 105 Ky. 222; Maysville & Lexington Railroad v. Punnett, 15th B. Monroe, 48; Turner v. Browder, 18 B. Monroe, 825; Civil Code of Practice, sec. 518; Kentucky Statutes, Sec. 965, "2nd. District."

OPINION BY JUDGE BARKER—Affirming.

In 1903 Ora Lee Wilson, as administratrix of the estate of Clifford J. Wilson, deceased, instituted an action in the McCracken circuit court to recover damages from the Illinois Central Railroad Company and R. De Loach for his death by their negligence. On the 17th of October, 1904, on motion of plaintiff, this action was stricken from the docket by order of the court. In August, 1905, the plaintiff, having married, was removed as administratrix, and appellant F. G. Rudolph was appointed administrator de bonis non of the estate, and thereupon instituted this procedure to have the case, which had theretofore been stricken from the docket, reinstated. This the court refused to grant for want of jurisdiction; and the merits of this ruling is the only question involved on this appeal.

In the case of Ashlock v. Commonwealth, 7 B. Mon.

This court on the subject of striking an action from the docket without reservation or qualification, said: "An order striking a suit from the docket, made on motion of the plaintiff and without reservation or qualification, we should be inclined to regard a voluntary dismissal or discontinuance, and as placing the case, after the term when the order was made, beyond the power of the court. But here the right to reinstate the case upon the docket being expressly reserved, the order, we think, should not be construed as a dismissal or discontinuance, but as a mere removal, or omission of the case upon the docket." In the case of Henry v. Comomnwealth, 4 Bush, 428, the death of one of the defendants in an indictment was suggested, and it

was ordered that the action abate as to the supposed decedent. Subsequently it developed that the defendant was not dead, and it was moved by the commonwealth's attorney that the action be reinstated on the docket, but the court held that the order of abatement was a discontinuance of the action, and it could not be reinstated after the expiration of the term at which it was made. We think it clear that an order striking an action from the docket without any reservation or qualification, as was done here, is a dismissal without prejudice; and, being a final order, the court loses jurisdiction to reinstate it after the expiration of the term at which it was made.

The judgment is affirmed.