## F. M. LUSE v. AMANDA LUSE, Appellant.

**Dismissal of actions in vacation:** WITHDRAWAL OF DISMISSAL. A
1 defendant may in vacation dismiss his action or counterclaim by filing with the clerk a communication of his intention to do so, and it then becomes the duty of the clerk to enter such dismissal of record, which makes the same effective; and a subsequent communication withdrawing the dismissal is of no effect.

**Divorce:** DISMISSAL OF COUNTERCLAIM AND MOTION FOR ALIMONY:
2 WITHDRAWAL OF DEPOSIT: ATTORNEY FEES. After defendant in an action for divorce had filed a withdrawal of her answer, counterclaim and motion for temporary alimony, her act in thereafter filing a trial notice was not inconsistent therewith, and plaintiff was entitled to withdraw from the court money deposited for temporary alimony; and a claim for attorney's fees not made until after the withdrawal of the motion for alimony was properly denied.

*Appeal from Monona District Court.*—HON. JOHN F. OLIVER, Judge.

THURSDAY, OCTOBER 28, 1909.

ACTION for divorce on the ground of desertion. Defendant answered, denying the allegations of plaintiff's petition, and interposing a counterclaim for divorce from plaintiff on the ground of misconduct tending to impair defendant's health. The court sustained a dismissal by plaintiff of his cause of action, and found that there had also been a dismissal by defendant of her counterclaim,

and thereupon entered judgment against plaintiff for costs. The defendant appeals.—*Affirmed.*

  *C. R. Metcalfe,* for appellant.

  *T. B. Lutz* and *C. E. Cooper,* for appellee.

McCLAIN, J.—At the January term of the district court, issues were joined by the filing of defendant's answer, denying plaintiff's cause of action, and interposing a counterclaim for divorce from plaintiff, to which counterclaim the plaintiff filed a reply, denying the allegations thereof. At that term plaintiff filed a motion to set aside an order allowing defendant $50 temporary alimony, alleging that the motion for temporary alimony had never been assigned for hearing, and plaintiff had had no notice thereof; and, further, that plaintiff had a good defense to said motion. At the April term following, plaintiff paid to the clerk the sum of $50 for the use of defendant in preparing for trial, and the case was continued to the next term of court; but in the meantime the clerk of the district court had on March 12, 1908, during vacation, received a communication signed by defendant, dated on the previous day, addressed to him, as "County Clerk, Onawa, Iowa," in the following language: "Sir: Withdraw my answer, counterclaim, cross-bill, motion and claim for temporary alimony." On the day following the receipt and filing of this communication, the clerk received and filed another communication over defendant's signature, containing the same address, dated March 12, in the following language: "Sir: I recall the letter I wrote to you the 11th instant. I have found out that I have been frightened and imposed upon." On August 15th following, trial notice was filed by defendant. On August 29th following, plaintiff withdrew from court without any order therefor, and without the knowledge of defendant, the sum of $50

which had been paid in for the use of defendant during the April term. On September 7th following, plaintiff filed a motion dismissing his petition without prejudice and without withdrawal of appearance ·in the proceeding to resist defendant's counterclaim, and on the next day, over defendant's protest, the court sustained plaintiff's motion, and made a finding that defendant had withdrawn her counterclaim and all claims for temporary alimony, and ordered the cause to be stricken from the docket, entering judgment against plaintiff for costs.

Counsel for defendant, appealing from this order and judgment, insists that the writing over defendant's signature, received and filed by the clerk on March 12th, did not constitute a dismissal of her counterclaim because insufficient in itself, and because it was withdrawn by the communication received and filed by the clerk on the following day, and he assigns error in the ˙refusal of the court to require the plaintiff to return into court for defendant's benefit the $50 withdrawn therefrom and to allow defendant's attorney $100 for preparation of the case for trial; relief in this respect having been asked by defendant in a motion somewhat irregular in character filed in response to plaintiff's motion to dismiss.

I. The correctness of the court's action in dismissing defendant's cross-petition depends on the determination of the question whether the first letter received by the clerk from the defendant constituted a dismissal

1. DISMISSAL OF ACTIONS IN VACATION: withdrawal of dismissal.

of her cross-petition. By Code, section 3764, it is provided that: "An action may be dismissed, and such dismissal shall be without prejudice to a future action: (1) By the plaintiff before the final submission of the case to the jury or to the court when the trial is by the court. . ˙ . ." By section 3767 it is provided that "the defendant may at any time before the final submission of the cause to the jury or to the court when the trial is by the court dismiss his counterclaim

without prejudice," and in the following section it is provided that " any party to any claim may dismiss the same in vacation, and the clerk shall make the proper entry of dismissal on the record." These sections evidently contemplate the power and right of a party at any time during vacation to dismiss his action or counterclaim by proper communication to the clerk of his intention to do so, and it is thereupon the duty of the clerk to enter such dismissal of record. No action of the court in the premises is required to make such dismissal effective. The communication in writing received by the clerk from defendant, although addressed to the "county clerk," was plainly intended for the clerk of the district court, and he was required on receiving such communication to enter of record the dismissal of defendant's counterclaim or cross-petition, and a withdrawal of her claim, included therein, for temporary alimony, and the failure of the clerk to perform the ministerial duty of making such record would not defeat the effect of such dismissal. From the time that this communication was received by the clerk and filed, defendant's counterclaim or cross-petition and her demand for temporary alimony were withdrawn, and nothing remained for disposition by the court, save plaintiff's original action for divorce, as to which defendant had interposed an answer by way of denial. The subsequent communication by defendant to the clerk recalling her letter directing a dismissal of her counterclaim, cross-bill, and motion for temporary alimony was of no effect. Before the receipt of this communication by the clerk, defendant's demand for affirmative relief had already been effectually withdrawn. After the dismissal by defendant she could not by such communication reinstate her demand for such relief.

II. The action of defendant in causing a trial notice to be filed in August was not inconsistent with the withdrawal of her answer, counterclaim and motion for temporary alimony, for without any resistance by defendant

it would be necessary for plaintiff to establish his ground

2. DIVORCE: dismissal of counterclaim and motion for alimony: withdrawal of deposit: attorney fees.

for divorce by the introduction of proper evidence. Therefore, when the plaintiff on August 29th withdrew from the court $50 deposited by way of payment of temporary alimony, he was within his rights, inasmuch as defendant's claim for such alimony had been withdrawn. After such withdrawal the clerk would not have been justified in paying to defendant the money so deposited. There-fore the court did not err in dismissing plaintiff's action as prayed by him, and in refusing to allow attorney's fees to defendant; such claim for attorney's fees not having been made until after defendant's answer, counterclaim, and motion for temporary alimony had been withdrawn.

The ruling and judgment of the trial court were correct, and they are *affirmed*.