LENA H. BANKS, Appellee, v. C. C. TAFT COMPANY, Appellant, et al.

**JUDGMENT:** Default—War Activities as Excuse. Refusal to set aside a default will be reversed, when it appears that counsel intended in good faith to defend, and was prevented from so doing by the war activities in which he was engaged, coupled with a pardonable misunderstanding as to an adjournment of court.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 15, 1919.

REHEARING DENIED FEBRUARY 23, 1920.

SUIT brought in equity to establish a claim for rent, and for foreclosure of a chattel mortgage. The defendants were held to be in default for want of answer, and decree entered as prayed. Thereafter, the defendant C. C. Taft Company appeared, and filed motion to set aside decree and default. Motion overruled, and defendant appeals.—*Reversed.*

*Strock, Wallace & McConlogue,* for appellant.

*J. F. Martin,* for appellee.

PER CURIAM.—The original notice was served upon appellant in time for the term of court in Story County beginning September 23, 1918. An appearance was entered by counsel for appellant by mail or telephone, on or before the first day of said term. No answer being filed, the default of appellant was entered on September 24, 1918, and on October 2, 1918, judgment was rendered for plaintiff, as prayed. Thereafter, on October 9, 1918, and still at the same term of court, appellant, by mail, filed an answer in the clerk's office. On receipt of this answer, the clerk informed appellant's counsel that a default and judgment had already been entered; and, on October 17, 1918, defendant's motion was filed to set the same aside, and permit trial

to be had on the merits.    Resistance was made to the motion, and it was overruled.

Supporting the motion were affidavits of appellant's counsel and others, tending to show a bona-fide intention on part of appellant and its counsel to defend the action on its merits; that, on the morning of the second day of the term, a clerk in the counsel's office, acting upon their instruction, called up the office of the clerk of the Story district court by telephone, to ascertain if time would be given for filing answer, and was informed by the clerk or his deputy that, owing to the interference with court business by the absorption of the attention of members of the bar and others in matters growing out of the state of war then existing, and preparations for the draft about to be made, court was about to adjourn for a time, and that there would be at least two weeks in which the answer could be filed; that counsel relied upon said information, and, being themselves busily engaged in assisting and forwarding preparation for the draft, to the exclusion of their ordinary professional business, did not prepare and forward the answer in this cause until the last day of the two weeks' period, and had no knowledge that a default or judgment had been rendered, until so informed by the clerk, on receipt of such answer; and that, on being advised of the situation, counsel at once prepared appellant's motion to open up the judgment and default.

Appellee's resistance to the motion is supported by affidavits of her counsel and of the deputy clerk, denying that any undue advantage was taken of the appellant, and denying that, in the telephone conversation between the clerk's office and the office of appellant's counsel, on the first or second day of the term, any information was given that the court would adjourn for two weeks, or that appellant would have two weeks in which to answer, but alleging that the sum and substance of the call from counsel's office was an

inquiry to make sure of the entry of their appearance in the case.

There is some misunderstanding between parties, counsel, and affiants as to matters of detail, but we are convinced that no one of those concerned on either side has acted otherwise than in entire good faith. Ordinarily, where the ruling upon motions of this character is made to turn in any material degree upon facts which are the subject of dispute, we consider ourselves bound by the finding of the trial court, and refuse to interfere with its order; but this case presents some peculiar features, which we think ought not to be ignored. It is a matter of common knowledge that the summer and autumn of 1918 were the critical period in the world war in which this nation was then engaged, and that the people of every rank, class, and occupation were intensely absorbed in patriotic work of various kinds; that proceedings in trial courts were generally interrupted, and to a considerable degree disorganized; and that most lawyers gave their attention very largely to such work, and especially to rendering assistance in the general preparation then being made for the draft about to be made for the selection of persons for military and naval service. It is to this cause, we think, that the misunderstandings in this case may be attributed. Mistakes and oversights thus occasioned may well be condoned, if application therefor be made with reasonable promptness, and no irreparable injury is likely to result to the opposing party.

In our opinion, the case here presented calls for the exercise of this discretion, and the ruling of the trial court will be reversed, and cause remanded, with directions to set aside the default and judgment, and permit the defendants' answer to stand.—*Reversed.*