MARGARET RYAN, Appellant, v. PHOENIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellee.

DISMISSAL AND NONSUIT: Voluntary Dismissal—Jurisdiction to Set Aside. The *voluntary* dismissal of an action may not, even during the same term, be set aside and the action reinstated when such dismissal was brought about by the negligence of the dismissing party and such negligence is wholly unexplained and unexcused. Whether the court has jurisdiction in *any* case to set aside a voluntary dismissal, *quaere.*

Headnote 1:  18 C. J. p. 1172.

*Appeal from Marion District Court.*—W. G. VANDER PLOEG, Judge.

OCTOBER 25, 1927.

The nature of the action and the material facts are fully stated in the opinion. The judgment appealed from is affirmed. —*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell* and *Johnson & Teter,* for appellant.

*D. Cole McMartin* and *Hays, Hays & Heer,* for appellee.

STEVENS, J.—This is an appeal from an order refusing to

vacate a judgment of voluntary nonsuit and to reinstate the cause for trial. The petition was filed in the district court of Marion County on April 27, 1925, and the cause of action voluntarily dismissed by the plaintiff, appellant herein, on February 16, 1926. A few days later, and during the same term of court, appellant filed a motion, supported by affidavit and containing a showing of merits, to set aside and vacate the order of dismissal and to reinstate the cause for trial. After a hearing upon the motion, at which counsel for appellee were present, it was overruled. At the time the motion was filed and overruled, the order of dismissal had been entered upon the court's calendar only. The affidavit of counsel for appellant was supplemented by an extended statement by the court, from which we gather that it was found that the court was without jurisdiction to reinstate the cause of action.

It is contended by appellee that not only was the court without jurisdiction to vacate the nonsuit and to reinstate the case, but that, if it be held otherwise by this court, the showing made by appellant was wholly insufficient to justify the sustaining of the motion if an order to that effect had been entered.

The right of the plaintiff to dismiss his cause of action at any time before the final submission thereof to the jury, or to the court, when the trial is without a jury, is conferred by Section 11562, Code of 1924, and is absolute. Ordinarily, the effect of such dismissal is final, and terminates the jurisdiction of the court thereof. *Kiser v. Crawford*, 182 Iowa 1249; *Chicago, R. I. & P. R. Co. v. Dey*, 76 Iowa 278; *Marsh v. Graham*, 6 Iowa 76.

The exception to this rule, so far as declared by this court, arises when the order of dismissal was by counsel, without authority to do so. *Rhutasel v. Rule*, 97 Iowa 20; *First Nat. Bank v. Bourdelais*, 109 Iowa 497; *Lingenfelter Bros. v. Bowman*, 156 Iowa 649; *Nothem v. Vonderharr*, 189 Iowa 43.

This court has also held that a dismissal filed with the clerk may not be withdrawn by a cross-petitioner in a divorce action, and that a subsequent original notice based upon a cross-petition is ineffectual to revive the action. *Luse v. Luse*, 144 Iowa 396; *Matthews v. Quaintance*, 200 Iowa 736; *Mahaska County St. Bank v. Cruzen* (Iowa), 206 N. W. 90 (not officially reported).

Section 10801, Code of 1924, provides that the record of

the court is under its control, and may be amended or any entry thereon expunged at any time during the term at which it is made, or before it is signed by the judge. Under this section, the court exercises broad authority and discretion in passing upon motions to modify, amend, or expunge entries upon its record made during the term, for good cause shown, and may, under some circumstances, act on its own motion. *Comes v. Comes*, 190 Iowa 547; *McConnell v. Avey*, 117 Iowa 282; *Wolmerstadt v. Jacobs*, 61 Iowa 372; *Loos v. Callender Sav. Bank*, 174 Iowa 577; *Hallam v. Finch*, 197 Iowa 224; *Streeter v. Gleason*, 120 Iowa 703; *Cooper v. Disbrow*, 106 Iowa 550.

For reasons hereafter stated, we deem it unnecessary to pass upon the jurisdictional question discussed by counsel. Without doing so, we desire, however, to refer briefly to the rule in a few other jurisdictions.

It was held by the supreme court of Illinois, in *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541 (112 N. E. 350), that the court had no power to reinstate a cause voluntarily dismissed, unless, at the time of such dismissal, leave is given by the court to the plaintiff to do so. In the course of the opinion, the court said:

"If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit, he must be held to have anticipated the effect and necessary results of this action, and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a nonsuit, his only recourse is to begin his action anew."

The Supreme Court of Alabama, in *Porter v. Watkins*, 196 Ala. 333 (71 So. 687), held:

"While it is true that a discontinuance puts an end to the cause, yet, where a mere order or announcement has been made to that end, such order or suggestion may be changed or corrected during the term of the court at which it was originally made; and certainly so, where, as in this case, the two orders were practically simultaneous. *Curtis v. Gaines*, 46 Ala. 459."

The Kentucky court of appeals, in *Wilson's Admr. v. De Loach*, 123 Ky. 393 (96 S. W. 514), held that the reservation of a right to reinstate, made at the time of the nonsuit, gave the court jurisdiction to reinstate the case on motion.

It is intimated by the Texas civil court of appeals, in *San-*

*chez v. Atchison, T. & S. F. R. Co.* (Tex. Civ. App.), 90 S. W. 689, that, if the voluntary dismissal was entered because of a statement by the trial judge that he intended to direct a verdict in the case, if such direction would have been erroneous, the court may, upon proper application, order a reinstatement thereof.

In *Anderson v. Shields,* 51 Wash. 463 (99 Pac. 24), and *Palace Hdw. Co. v. Smith,* 134 Cal. 381 (66 Pac. 474), a statutory right of reinstatement was held to exist in these respective states. See, also, *Boothe v. Armstrong,* 80 Conn. 218 (67 Atl. 484). Other cases may be found in which the right to reinstatement of a voluntary nonsuit is upheld where the dismissal was the result of unavoidable casualty, accident, or mistake, or because of an erroneous ruling by the court which had the effect, if permitted to stand, of defeating justice. In this connection, see *Palace Hdw. Co. v. Smith,* supra; *Anderson v. Shields,* supra; *Sanchez v. Atchison, T. & S. F. R. Co.,* supra; *Boothe v. Armstrong,* supra.

In any proceeding under Section 10801 for the modification or vacation of an entry on the record under the control of the court, at the term at which the same was entered, and also under Section 11589 of the Code of 1924, to set aside a default, a satisfactory showing of diligence on the part of the applicant is indispensable. Without it, the application will be overruled. *Norman v. Iowa Cent. R. Co.,* 149 Iowa 246; *Comes v. Comes,* 190 Iowa 547; *Hawthorne v. Smith,* 197 Iowa 1306; *Iowa Cord Tire Co. v. Babbitt,* 195 Iowa 922; *State v. Elgin,* 11 Iowa 216; *Yocum v. Taylor,* 179 Iowa 695; *Reilley v. Kinkead,* 181 Iowa 615; *Mally v. Roberts,* 167 Iowa 523; *Banks v. Taft Co.,* 188 Iowa 559; and cases cited supra.

The facts as disclosed by the affidavit of counsel and the voluntary statement of the court which is incorporated in the abstract, are as follows: Appellant employed an attorney residing in Omaha, to commence her cause of action, which was to recover a loss under a policy of fire insurance, and instructed him to employ local counsel to assist him. No local counsel was employed, however, until the day the jury was impaneled. The February, 1926, term of court convened in Marion County February 2d. On the afternoon of the following day, an assignment of jury cases was made by the court for trial. The pres-

ent action, having been noticed for trial, was assigned for hearing on February 8th. The court thereupon directed the clerk to wire the Omaha attorney of the assignment. A few days later, the trial judge received a letter from such attorney, requesting that the case go to the foot of the assignment. By consent of counsel, this arrangement was made, and in due time appellant's attorney was again notified that the cause would be heard February 15th. On that date, counsel appeared for appellant, and employed the firm of Johnson & Teter, of Knoxville, to assist him in the trial of the case. During the afternoon, a jury was impaneled, but an adjournment was taken until 9 o'clock the next morning. While the jury was being impaneled, the court discovered that the petition was defective in some important particulars, and suggested an amendment thereto. At the same time, the court informed counsel that his reporter was absent, and that he would have to procure his return from Guthrie Center, to report the trial. It was not certain at this time that the petition would be amended, and the court requested counsel to advise him as soon as possible if the case was to be tried. Later in the evening, the trial judge called Mr. Johnson, and suggested that he be advised as soon as possible whether the trial would proceed, again informing him that it was necessary to notify the reporter at Guthrie Center. In the meantime, Johnson and the Omaha attorney had examined the evidence, and made some effort to ascertain the law applicable thereto, with the result that Mr. Johnson concluded that plaintiff could not maintain her cause of action, so informed his associate, and advised a nonsuit. The judge was so advised by telephone, and requested to dismiss the action. This was done the next morning, and an appropriate entry to that effect was placed upon the calendar. The affidavit of Mr. Johnson recites many of the matters stated above, and frankly admits that, upon further and later investigation, he reached the conclusion that he was in error as to the merits of appellant's case, and promptly filed the motion to set aside and vacate the order of dismissal, and for reinstatement. The policy of insurance provided that no action for the recovery of any loss shall be sustained in any court of law or equity, unless commenced within twelve months next after the right of action for the loss accrued. It is the rule in this state that the parties may by contract fix the period

within which an action may be commenced, for any cause growing out of such contract, and that, in such case, Section 11017, Code of 1924, which, under certain circumstances, makes the commencement of a new action within six months after a prior dismissal a continuation of the original action, is not applicable. *Harrison v. Hartford Fire Ins. Co.,* 102 Iowa 112; *Wilhelmi v. Des Moines Ins. Co.,* 103 Iowa 532; *Roeh v. Business Men's Prot. Assn.,* 164 Iowa 199; *Cook v. Heinbaugh,* 202 Iowa 1002. This rule prevails in many jurisdictions. *George v. Connecticut Fire Ins. Co.,* 84 Okla. 172 (23 A. L. R. 80), and annotations.

The commencement of a new action within six months will not be deemed a continuation of the original action if there was negligence in its prosecution. A strict showing of diligence is required. *Clark v. Stevens,* 55 Iowa 361; *District Township v. District Township,* 62 Iowa 30; *Archer v. Chicago, B. & Q. R. Co.,* 65 Iowa 611; *Jacobs v. St. Paul Fire & Marine Ins. Co.,* 86 Iowa 145; *Heusinkveld v. Capital Ins. Co.,* 95 Iowa 504; *Pardey v. Incorporated Town of Mechanicsville,* 101 Iowa 266; *Conley v. Dugan,* 105 Iowa 205; *Pardey v. Town of Mechanicsville,* 112 Iowa 68; *Ceprley v. Incorporated Town of Paton,* 120 Iowa 559; *Marks & Shields v. Chicago, R. I. & P. R. Co.,* 184 Iowa 1352.

The foregoing cases are, of course, not decisive; but they, with the other cited cases, firmly establish the rule that a party seeking relief under the statutes relating to defaults for the modification or vacation of an order entered at the term or in an action under the provisions of Section 11017, Code of 1924, must show himself free from negligence, and that he has a good cause of action or defense. The rules under the several statutes are analogous. Appellant was bound to know that under her contract she could not dismiss her cause of action and commence it over again. Counsel originally employed by appellant had many months to familiarize himself with the facts and the law of the case, and to employ local counsel to advise and assist him. No affidavit by appellant was filed, nor was any effort made to excuse the negligent handling of the case by her attorney. Without any showing whatever upon her part of an excuse for her own neglect or that of her attorney, the court could not, even if its jurisdiction to do so were conceded, set aside and vacate the order of voluntary dismissal and reinstate

the case. It is for this reason unnecessary to decide whether the court might, under some circumstances, relieve the plaintiff, upon his application to set aside a voluntary nonsuit, and reinstate the cause for trial. In any event, the court should never do so in the absence of a satisfactory showing of diligence or of unavoidable casualty, accident, or mistake. Whether these or other grounds may be made the basis of an application to vacate an order of voluntary nonsuit and work a reinstatement of the cause for trial, or whether a dismissal was final, under all circumstances, we reserve decision.

The motion in this case was properly overruled, and the order and judgment of the court is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.