THE UNION NATIONAL BANK v. CARR ET AL.

1. **Pleading:** UNCERTAINTY : COUNTER-CLAIM. Where an action was commenced upon a note and mortgage, in which the defendant answered, pleading payment, and praying that "the mortgage sued on be cancelled and the clerk be directed to satisfy the same of record," whereupon the plaintiff dismissed the action, *held*, that the defendant would have been entitled to the relief asked if properly sought; but that the answer, to have entitled him to the relief after the dismissal of the action, should have contained a description of the notes and mortgage.

*Appeal from Boone District Court.*

THURSDAY, OCTOBER 24.

ACTION to foreclose a mortgage given to secure certain promissory notes payable to Phillips & Carmichael. The notes were transferred by indorsement to D. Elwell & Co., by whom they were transferred to the plaintiff. The defendants filed an answer, and the plaintiff dismissed its action. The court

held that the defendants were entitled, under the allegations of the answer, to a trial. One was had, and a judgment rendered cancelling the mortgage, which was afterward, on motion of the plaintiff, set aside, and the defendants appeal.

*Hull & Ramsey*, for appellants.

*Holmes & Reynolds*, for appellee.

SEEVERS, J.—The answer admitted the execution of the notes and mortgage, but denied any indebtedness thereon.

1. PLEADING: uncertainty: counter-claim. It was also stated therein "that D. Elwell & Co. held the notes for nearly a year after they were due, and that while D. Elwell & Co. so held the notes overdue said C. W. Carr fully paid the same to said D. Elwell & Co., who had them at the time of payment." Relief was asked as follows: "Praying that they be dismissed, with costs, and that the mortgage sued on be cancelled, and the clerk directed to satisfy the same of record."

If, under such an answer, the defendants were entitled to affirmative relief, after the plaintiff had dismissed its action, the ruling of the court setting aside the judgment is erroneous; otherwise it is correct.

The Code provides that the "defendant may set up in his answer as many causes of defense, counter-claim, whether legal or equitable, as he may have." Section 2655.

This contemplates that the counter-claim shall be pleaded in or as part of the answer, and we know of no statute requiring the pleader to state, in words, that the matter set forth is pleaded as a counter-claim. The name given, or whether it is named at all, is wholly immaterial. If the answer sufficiently, in apt words, and in substance, and in fact, sets up a counter-claim, it should be so treated. In its broadest sense a counter-claim is a cause of action existing in favor of the defendants, or some of them, against the plaintiffs, or some of them. Code, § 2659. That a simple plea of payment does not constitute a counter-claim was held in *Stacy &*

*Thomas v. Stichton & Co.*, 9 Iowa, 399. If a counter-claim is pleaded it is deemed admitted, unless denied in a reply. Code, §§ 2665, 2712.

If no counter-claim is pleaded no reply is required, and the allegations of the answer are deemed controverted by operation of law. *Davis v. Payne et al.*, 45 Iowa, 194.

It seems to us no reply was required in the case at bar. The matter pleaded amounted to a plea of payment only. While this is true, yet, if the plaintiff had not dismissed its cause of action, and there had been a trial on the issues found in the pleadings, the defendants might have been entitled to the relief asked—that is, the cancellation of the mortgage.

A simple finding and judgment for the defendants would have amounted to the same thing. But, we incline to think, they would have been entitled to have the mortgage cancelled of record. Before, however, such relief could be granted the allegations of the answer must in and of themselves be sufficient to entitle them thereto. That is to say, the answer must contain all the averments that would have been essential if the defendants had brought an original action to obtain a cancellation of the mortgage.

Tested by this rule it must be conceded, we think, that the answer is clearly insufficient. It does not contain a description of the notes or mortgage, nor when or by whom the same were executed. If everything stated in the answer be regarded as admitted no decree could be based thereon. Such a paper would be void for uncertainty. In other words it was fatally defective.

Taken in connection with the petition it no doubt does sufficiently state a cause of action. Certainly, after a trial and finding for the defendants, the record, taken altogether, would be sufficient as a basis for a decree cancelling the. mortgage.

But, it must not be forgotten, the plaintiff had dismissed its cause of action. For the purposes of this case his petition

no longer formed a part of the record, and the judgment must be based alone on the answer.

                                                      AFFIRMED.