Page et al. v. Sackett et al.

PAGE ET AL. v. SACKETT ET AL.

1. **Pleading:** AMENDMENT OF ANSWER: SETTING UP COUNTER-CLAIM AFTER CAUSE DISMISSED. Code, § 2846, provides that, "in any case where a counter-claim has been filed, the defendant shall have the right to proceed to the trial of his claim, although the plaintiff may have dismissed his action, or failed to appear." But the statute does not contemplate that the defendant may, by pleadings subsequent to the dismissal, introduce causes of action not before involved in the case.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 18.

ACTION to recover damages for the wrongful use of a trademark for flour, and for other wrongs. Plaintiffs dismissed their action, and subsequently defendants filed an amendment to their answer, setting up a counter-claim, and separate answers, setting up separate counter-claims in favor of the defendants severally. These separate answers and amended answer were stricken from the files on motion of plaintiffs. Defendants appeal.

*Lyman & Hunter,* for appellants.

No appearance for appellees.

BECK, J.—I. The original answer of defendants, among other defenses, sets up a counter-claim for damages accruing to them on account of the violation of a contract by plaintiffs to furnish flour to defendants. The plaintiff's filed with their petition numerous interrogatories to be answered by

defendants. Exceptions were taken to them by defendants, two only of which were sustained. The defendants did not answer the interrogatories held good by the court. The plaintiffs in vacation dismissed their action. At the next term defendants filed an amendment to their answer, setting up a counter-claim in favor of the defendants collectively for damages sustained by them on account of the wrongful use by plaintiffs of the identical trade-mark brought in question in plaintiffs' petition, which the amended answer alleges was acquired and owned by defendants. Each defendant also separately set up a counter-claim, in an amended answer, to recover of plaintiffs for malicious prosecutions against defendants severally, for unlawfully using sacks of plaintiffs whereon was stamped the trade-mark in question, for the sale of flour of an inferior grade, etc. The separate answers show that each of defendants was indicted, but upon trial was acquitted. Plaintiffs, after these pleadings were filed, moved the court that defendants be ordered to answer the interrogatories filed with the petition, and to strike the amended answer and separate answers of defendants, on the grounds, as we understand the motion, that the defendants were in default in failing to answer the interrogatories, and that the pleadings in question presented new counter-claims not set up in the original answer, which are based upon different and additional causes of action. The motion to strike was sustained, but the ground of the ruling is not shown in the abstract; and it is not shown that the court below ruled upon the motions requiring the defendants to answer the interrogatories. We need not determine any question involving the default of the defendants in failing to answer these interrogatories.

II. We think the circuit court rightly struck the amended and separate answers of defendants, for the reason that they pleaded new causes of action against plaintiffs, upon which defendants based their claim to recover against plaintiffs. The counter-claim first pleaded was based, as we have pointed

out, upon a cause of action different from and not involved in the causes of action pleaded by the amendment and separate answers. The defendants' answers, finally, presented distinct counter-claims, each of which could have supported an action. The amendment and separate answers presented entirely new ones.

Code, § 2846, provides that, "in any case where a counter-claim has been filed, the defendant shall have the right to proceed to the trial of his claim, although the plaintiff may have dismissed his action, or failed to appear." Except for this statute the dismissal of an action would end all proceedings in the case, and a counter-claim pleaded therein could not be tried, but would be regarded as dismissed. But the provision surely was not intended to authorize the trial of new causes of action, in favor of defendant, not set up before the dismissal. The provision clearly contemplates the trial of a counter-claim pleaded before the dismissal of the action, and reaches no further. It does not contemplate that the defendant may, by pleadings subsequent to the dismissal, introduce causes of action not before involved in the case. The plaintiff, in dismissing a cause, is doubtless always moved by considerations arising upon the issues and condition of the case existing when he abandons it. It would be unjust and oppressive to require him to litigate in that case new and different causes of action of which he had no notice in the pleadings prior to the dismissal.

It is our conclusion that the court below rightly struck from the files defendants' new pleadings.

AFFIRMED.