FRED BARDES, Petitioner, v. WILLIAM HUTCHINSON, Judge.

**Counterclaim Defined:** JURISDICTION: *After dismissal of main* CASE. Where plaintiff sued to have a sale of personalty and a note given therefor declared void, and for money judgment for the value of the property, an answer asking that defendant's title to the note be confirmed and decreed paramount, does not state a counterclaim, under Code, section 3570, providing that a counterclaim must present matter on which an original action might be brought, so that after plaintiff dismissed his action the court was without jurisdiction to render the decree asked by defendants

SAME. Where plaintiff dismisses as soon as the case is called for trial, the fact that the dismissal is not entered on the judge's calendar until after evidence is heard in defendant's behalf did not give the court jurisdiction to render a decree against the plaintiff on an answer that does not state a counterclaim.

SAME: *Reviewed by Certiorari.* The court has no jurisdiction to render a decree against plaintiff after he has dismissed, on an answer that does not state a counterclaim, and hence, such action may be properly reviewed by certiorari.

SAME: *Presence of attorney without objecting.* Where, after plaintiff ras dismissed his action, the court heard defendant's evidence, and rendered a decree against plaintiff, on an answer that did not state a counterclaim the fact that plaintiff's attorney was in the court room did not make it incumbent on him to enter exception to the decree in order to review such decree by certiorari.

*Certiorari to Sioux District Court.*

SATURDAY, APRIL 13, 1901.

THIS case is brought to this court by writ of certiorari to review the proceedings of the district court of Sioux county, Hutchinson, J., presiding, in which judgment was rendered against plaintiff in a proceeding wherein it is claimed the court had no jurisdiction of plaintiff. The facts will be found in the opinion.—*Judgment annulled.*

*Lohr Gardiner & Lohr* and *P. D. Van Oosterhout* for plaintiff.

*Hutchinson & Plank* and *Wm. Milchrist* for defendant.

WATERMAN, J.—Plaintiff is the trustee in bankruptcy of one Frank T. Walker, a merchant, formerly engaged in business at Hawarden. As such trustee, plaintiff filed a petition in equity in the district court of Sioux county against the First National Bank of Hawarden, the Bank of Alcester, S. D., Charles R. Allen, and Frank T. Walker, setting up the following facts: That about March 1, 1899, Walker was adjudged a bankrupt

under the federal statute, and plaintiff was appointed
trustee; that prior thereto, and on the 16th day of January,
Walker was indebted to various individuals for goods sold
him in the amount of $12,000, to the First ational Bank of
Hawarden in the sum of $1,000, and to the Bank of Alces-
ter, in South Dakota, in the sum of $450; that said Walker
was at this time insolvent. It is further charged that on
the date last named Walker made a pretended sale of his
stock of merchandise to defendant Charles R. Allen, for
the consideration of about $1,764, for which a promissory
note was given that matured about August 1, 1899. On the
same day Walker transferred said note to the Hawarden
bank for the sum of $1,629.35, of which about $175
was paid by said bank to Walker, and the remainder was
applied in payment of his indebtedness to it and to the Bank
of Alcester. It is alleged, further, that Allen was not the
real purchaser of said merchandise, but that he acted for
the Hawarden bank, which in fact was the buyer, and, that at
the time of these transactions all of said parties engaging in
them had reason to believe, and did believe and know, that
defendant was insolvent, and it was the intention in selling
said stock of goods and transferring said note to give a pref-
erence over other creditors to the two defendant banks.
Wherefore it is prayed that the note and the conveyance of
the stock of merchandise be declared fraudulent and void,
and held invalid against plaintiff, and that defendants be
compelled to account for the property and profits, and that
plaintiff have judgment for the value of such property. In
due time an answer was filed, in which the sale of the stock
of merchandise to Allen, and the giving by him of the prom-
issory note and its transfer to the Hawarden bank, are ad-
mitted. It is averred that defendants had good reason at
the time to believe that Walker was solvent. It is further
said that the note so transferted to the bank has been fully
paid. In another division of the answer, and the one that
affords the ground for this controversy, the same facts are

substantially admitted, the same allegation of belief on the part of defendants in the solvency of Walker is made, and then follows these paragraphs: "That by reason of the assignment and delivery of said note by said Walker, this defendant became the unqualified owner thereof, and had a title thereto that was paramount and superior to any right, title, or interest thereto that may be claimed by he plaintiff. Wherefore the defendant, the First National Bank of Hawarden, asks that it may be adjudged and decreed that its title to said note conveyed to it by said Walker may be established and confirmed, and decreed to be paramount and superior to any right, title, or interest of plaintiff thereto." When the case was called for trial, but before any testimony was offered, plaintiff, in open court, dismissed his action. Defendants claimed the right, notwithstanding the dismissal, to prove the so-called "affirmative allegations" of their answer and have judgment thereon. The court did not enter the dismissal at once, but heard testimony on defendants' part, held in their favor, and rendered judgment finding "the note was not accepted by the bank for the purpose of obtaining a preference;    *    *    * that the title of the defendant the First National Bank of Hawarden to the said note conveyed to it by said Walker is paramount and superior to any right, title, or interest of plaintiff." The costs were then taxed to plaintiff.

I. The position taken by appellees is that their answer set up a counterclaim, and the dismissal by plaintiff did not affect their right to affirmative relief. It is not entitled a counterclaim in the pleading, but this alone would not be decisive. *Bank v. Carr,* 49 Iowa, 359. The subject-matter in the pleading is not, however, that of a counterclaim. It will be noticed the plaintiff does not claim title to, or a right of possession of, the note. He merely prays to have the transaction in which it was given declared void, and asks a money judgment. Under the ordinary defensive allegations of an answer, a decree in de-

fendant's favor would give it all the rights which it could possibly establish under the miscalled "affirmative" averments of its pleadings. *Walker v. Land Co.,* 66 Iowa, 750. A counterclaim proper presents matter upon which an original action might be brought in defendant's favor. Code, section 3570. Tested by this rule, the answer clearly did not set up one. The note had been fully paid, and the proceeds were in the possession of the Hawarden bank. With this state of affairs existing, it obviously had no right of action against plaintiff. See, further, on this point, *Kavaler v. Machula,* 77 Iowa, 121; *Stuart v. Hines,* 33 Iowa, 60. Something is claimed for the fact that the entry of dismissal was not made by the court until after evidence was heard in defendant's behalf. As the dismissal was brought to the court's knowledge at once upon its being announced, we do not regard it as material when the entry was made in the judge's calendar. When it was disclosed to the presiding judge that plaintiff's case was dismissed, the fact became apparent that the latter was out of court. *Page v. Sackett,* 69 Iowa, 226.

II. We have next to consider whether *certiorari* is the proper remedy. Upon dismissal, there being no counterclaim, the jurisdiction over plaintiff ceased, and, when an inferior tribunal acts without jurisdiction, such a remedy is proper. Code, section 4154, and notes. It is said on behalf of defendants that one of the attorneys for plaintiff was present when the evidence was offered to prove their case, and it is insisted that he should have entered his exception and asserted plaintiff's rights by appeal. The presence of plaintiff's attorney in the court room when the proceedings were had of which complaint is made cannot affect the right to resort to this remedy, unless such fact conferred jurisdiction on the district court, and, manifestly, it did not have this effect. In our opinion, the action of the court in rendering the judgment it did was unwarranted, and the same is hereby ANNULLED.