WEST DAVENPORT IMPROVEMENT COMPANY et al., Plaintiffs,
v. WILLIAM THEOPHILUS, Judge, Defendant.

**APPEAL AND ERROR:**    Remand — Procedendo — Compliance.
1  Amended decree in purported compliance with the decree of the
appellate court reviewed, and held to be in compliance with the
opinion and order rendered.

**EQUITY:** Pleading — General Prayer — Effect.  Under a general
2  prayer for relief in an equity action, the court is empowered to
make such adjudication as will accord relief to plaintiff, even
though his theory of the facts is not established.  So held where
plaintiff, a lot owner, claimed he had the right to pass over a
strip of land because it was a street, and the court found it was
not a street, but was land reserved for railway purposes for the
use and benefit of the lot owners.

**CERTIORARI:**  When Writ Lies—Legality on Decree on Remand.
3  Certiorari will lie to determine whether the district court exceeded
its jurisdiction in entering a decree in a cause remanded by the
appellate court.

*Certiorari from Scott District Court.*—WILLIAM THEOPHILUS,
Judge.

THURSDAY, JUNE 29, 1916.

PLAINTIFFS bring this original proceeding in this court to
test the legality of the action of defendant judge in entering
a modified decree in case of *Schick v. West Davenport
Improvement Company,* for a directed modification of the
original decree by this court.  Plaintiffs here, the defendants
in the original action, claim that the modified decree is not
in accordance with the opinion and order of this court.  The
judgment and proceedings of the district court are affirmed.
—*Affirmed.*

*Murphy & Sampson, Cook & Balluff* and *J. C. Hall,* for
plaintiffs.

*William Hoersch* and *W. M. Chamberlain,* for defendant.

PRESTON, J.—1. The report of the decision on the original appeal is found in 167 Iowa 294, where a plat of the premises in controversy, the findings of the court, and the supplemental opinion directing a modification of the original decree, may be found.

1. APPEAL AND ERROR: remand: procedendo: compliance.

The petition for the writ alleges that the modified decree of the district court is not in accordance with the opinion and order of this court, and that matters and things are therein adjudicated contrary to the order and opinion of this court, and that the district court has acted without jurisdiction and acted illegally in entering said modified decree contrary to the order and opinion of the Supreme Court.

Complaint is made of the modified decree in the following particulars, as stated in the petition for the writ: That the supplemental opinion of the Supreme Court points out that, in the first suit, the plaintiff there, John Schick, claimed certain tracts or strips to be public highways; that one of these strips was found by the court to have been reserved for railroad purposes; that this was, in effect, a holding that it was not a highway, and, not having been appealed from, stands as conclusive upon that question; and that, as John Schick was only claiming a highway, the district court could not in that suit establish rights of John Schick in a railroad strip.

Plaintiffs point out that the modified decree contains the following findings, the italicized parts of which are complained of:

"(1) The said plaintiffs have the same rights as the said Emerson regarding the said roads and streets, and *also the certain strip hereinafter described reserved for railroad purposes.*

"(2) The track running east of and along said railroad right of way northerly from Miller Street to what is known as the Korn tract was reserved *as public ground* for railroad purposes *to the plaintiff, John Schick, and others who pur-*

*chased lots contained in the plats of said ground made by the defendant, West Davenport Improvement Company.''*

Plaintiffs also complain of said modified decree that it finally orders, adjudges and decrees that ''(3) the strip found to have been reserved for railroad purposes (describing it) has been for railroad purposes, *but not deciding, however, as to whether the owners of the real estate shown as lots on said plat, Exhibit B, attached to said petition, have any rights or interest therein for such railroad purposes.''*

The claim of plaintiffs is that the language just set out and italicized is an attempt to decide in the equity case that the rights of John Schick (who is one of the owners of said real estate) in said railroad strip have not been adjudicated in said suit, and that whether such rights have been adjudicated is not in issue in said suit, and that the proper place to determine such a question is when it duly arises as an issue in a subsequent suit, and that so much of the findings hereinbefore numbered 1 and 2 as are italicized, if permitted to stand, might hereafter be set up as an adjudication that said railroad strip had been reserved *as public ground to the plaintiff, John Schick,* and others; that such issue was not in fact involved in the equity suit in which such modified decree has been entered.

The first opinion recited the findings in the original decree of the district court. So much of them as is now material is as follows:

''It found that no road had ever been used or laid out on the southerly side of the lots last purchased by Schick, and denied relief as to such. It decreed that the 60-foot strip on the east line of the railroad right of way, extending from New Rockingham to Miller Street, is a public highway, and shall be kept open for public travel, and that the strip from Miller Street to the Kuhn tract was set apart for railroad purposes, and that it should be kept open for use by Schick, to reach the railroad from his property, and for the purpose of laying upon it sidetracks to his premises.''

Schick did not appeal from that part of the decree which denies his claim to a road on the southerly side of Lots 13 to 18, inclusive.

The supplemental opinion directs a modification of a part of the language of the decree just quoted, and in doing so, this language is used:

"The decree of the trial court should therefore be modified, so as to omit from its mandatory holding that part which, after finding the strip to have been reserved for railroad purposes, holds the right to such use to be in John Schick and others, and commands it to be kept open for such use. The case is remanded for decree in conformity with this conclusion."

The supplemental opinion does not direct a modification of that part of the original decree just quoted, wherein it was decreed that the 60-foot strip on the east line of the railroad right of way extending from New Rockingham to Miller Street is a public highway and shall be kept open for public travel.

The modified decree is more fully set out as follows:

"Now, in compliance with the opinion and order of the said Supreme Court of the state of Iowa, the said decree is hereby modified so as to read as follows: That this is a suit wherein the plaintiffs are claiming certain roads or public highways described in their petitions and amendments thereto. That the defendants deny the existence of said roads and highways. That the evidence shows that the plaintiff, John Schick, purchased certain premises from one Emerson. That, at the time said Emerson purchased said property, plats were shown to said Emerson, showing certain of the real estate in controversy hereinafter described to be roads and streets. That the said plaintiffs have the same rights as the said Emerson regarding the said roads and streets, and also the certain strip hereinafter described reserved for railroad purposes. That the public has at times used as a public highway the road running adjacent to and easterly to the railroad

right of way from the plat of New Rockingham northerly of the road called Miller Street. That the tract running east of and along said railroad right of way northerly from said Miller Street to what is known as the Korn tract was reserved as public ground for railroad purposes to the plaintiff John Schick, and others who purchased lots contained in the plats of said ground made by the defendant, West Davenport Improvement Company. That there never has been a road used or laid out southerly of the ground described in said petition as bought by John Schick from the defendant, West Davenport Improvement Company. But this court does not decide whether said John Schick can recover damages, as claimed in his petition herein, from the said defendant, West Davenport Improvement Company. That the temporary injunction heretofore allowed in said cause should be made permanent so as to keep open the ground along and east of the railroad right of way from the plat of New Rockingham northerly to Miller Street as a public highway.

"It is now therefore ordered, adjudged and decreed by the court on this 5th day of July, 1912, that the tract of land described as follows [describes tract held to be a public highway and not now in controversy] is a public highway and shall be kept open for public travel; and that the tract beginning at the northeast corner of the tract last herein described, being the southwest corner of said Lot 6, and thence running northerly parallel with the railroad right of way 1,451 feet to the southerly line of what is known as the Korn tract on said Exhibit B attached to the plaintiff's petition, thence running westerly along the southerly line of said Korn's tract 60 feet, more or less, to the easterly line of said railroad right of way, thence running southerly along the easterly line of said railroad right of way to the northwest corner of the tract last above described and westerly from the point of beginning, thence running east 60 feet, more or less, to the point of beginning, has been reserved for railroad purposes, but not deciding, however, as to whether or not the owners of the real

estate shown as lots on said plat, Exhibit B, attached to said petition, have any rights or interest therein for such railroad purposes. It is further ordered that there be no fences across the said tract dedicated as road from the northern line of Miller Street to the north line of the plat of New Rockingham, and the defendants are permanently enjoined from keeping the said tracts closed or fencing the same, and are hereby ordered to remove all fences that they may now have across the said tracts herein fully described as dedicated for road purposes. It is further ordered that the claim of John Schick for a road along the southerly line of Lots 13, 14, 15, 16, 17, 18 and 19 of said plat, Exhibit B, attached to plaintiff's petition, be and is denied; but that the claim of said John Schick against the defendant West Davenport Improvement Company for damages as claimed in his petition is not herein adjudicated upon, but said claim is dismissed without prejudice, and said claim may be adjudicated in a new suit to be brought by said John Schick.''

We quote from the original opinion as to the record,— which language is not modified by the supplemental opinion, —the following:

''The improvement company in its separate answer avers that, in purchasing the property, Schick had actual knowledge that the 60-foot strip lying adjacent to the right of way of the Milwaukee Railroad was not a street, but that it had been reserved for railroad purposes.''

Also:

''It also found that the strip of land 60 feet in width along the right of way to a point designated as Miller Street had at times been used as a public highway, and that beyond that, and parallel with the right of way to the Kuhn tract to the north, the strip in controversy had been reserved as public grounds for railroad purposes to Schick and others who purchased lots from the plat made by the improvement company. . . .

''It is clearly shown to have been the purpose of the Ice

Company, whose business was indicated by its name, to so foreclose the situation as to prevent Schick from using his property in the same business, it being his known intention so to do, and that the subsequent transaction between the ice company and the improvement company as to the disputed strip was for that purpose alone; and we are of opinion from all of the evidence that had it not so done it would have had equal but not exclusive means of access to the railroad for shipping purposes. . . .

"As to the claim of the ice company that it purchased without notice of the existence of any streets or rights of owners over the strip, we think it clearly appears that before it took conveyance of the strip the question was considered, and that it had knowledge sufficient to put it upon inquiry as to the actual situation; but beyond this was its purpose clearly shown by the evidence to acquire the strip, and thereby cut off from Schick his means of access to the tracks, carrying with it the knowledge that he claimed such right in and on the land."

It appears that the object and purpose of the plaintiffs here (defendants in the former case) were to prevent Schick from entering the ice business as a competitor of the Davenport Ice & Cold Storage Company. The town of Rockingham was an intervener, and, with Schick, it was their desire to keep open the streets and preserve the property which had been dedicated to public use. To go into the ice business, Schick needed the streets and this railroad strip, in order to have shipping facilities with the railroad. The prayer of his petition was for general equitable relief. It seems that the improvement company and the ice company were trying to deprive the public of the use of its streets; that is, a part of the street in dispute. Their purpose was, also, to prevent competition in the ice business and prevent anyone from having access to the railroad for that purpose. In order to meet the claim that this particular strip was a street, the improvement company and ice company

2. EQUITY: pleading: general prayer: effect.

alleged that this strip was for railroad purposes, and proved that the strip was dedicated or reserved for railroad purposes for the use and benefit of the lot owners in that neighborhood. The lower court in its decree found that Schick succeeded to the rights of Emerson, and that he was one of said lot owners. This finding was favorable to the contention of the defendants in the original suit. Schick and the intervener seemed to have been satisfied with this finding and did not appeal, as it preserved the right of access for which they were contending, —at least, that was one of the things for which they were contending. The district court in the original decree went further, and made it mandatory that the improvement company and ice company keep said strip open for the use of Schick and others. This court, on rehearing, in the language which has before been set out in the supplemental opinion, said, in substance, that the mandatory part of said decree should be eliminated in this particular.

It seems to us that plaintiffs here are seeking to have their own record, and the finding in their favor that the strip was for railroad purposes, eliminated. We think the issues and evidence gave the court the power to fix the right of Schick in said railroad strip, not as owner, and not the power to determine that it was a street under the issues as made by Schick, but the right, as a lot owner, of access to the railroad. The defendants in the original action, plaintiffs here, set up the fact that it was a railroad strip, and their evidence shows that it was so reserved for Emerson and others, and Schick purchased from Emerson. As stated, the right contended for was to have access to the railroad. If this strip was a street, he would have that right, of course. If it was for railroad purposes, he had, under the evidence, a right of access to the railroad. Schick, as plaintiff in the original case, was contending that he had a right of access to the railroad because this strip was a street, but the defendants in the original case, plaintiffs here, claimed that it was a railroad strip, and in

either event, Schick would have the right of access to the railroad.

We think what we have said disposes of all of plaintiffs' contentions on this point, and the judgment is, therefore, affirmed.

2. It is contended by defendants that certiorari will not lie because the matters complained of could have been reviewed on appeal. Ordinarily, mere errors must be so corrected. Want of jurisdiction could be tested by either appeal or certiorari. In this case, the plain-tiffs claim that the district court exceeded its jurisdiction and had no authority to enter so much of the modified decree as they claim was in excess of or contrary to the order of the Supreme Court modifying the original decree; and plaintiffs also claim that the issues raised by the pleadings did not justify the parts of the modified decree to which they are now objecting. If, by the modified decree, the district court exceeded its jurisdiction, the question could be tested by certiorari. *Goeppinger v. Boards of Supervisors,* 172 Iowa 30; *Davis v. Preston,* 129 Iowa 670; *Young v. Preston,* 131 Iowa 292.

We are of opinion that the modified decree is in accord with the directions of this court in the modified opinion, and the proceedings and judgment are therefore—*Affirmed.*

EVANS, C. J., DEEMER and SALINGER, JJ., concur.