ECLIPSE LUMBER COMPANY, Plaintiff, v. M. H. KEPLER,
Judge, Defendant.

**JUDGMENT:** Jurisdiction—Trial After Dismissal. A judgment entered as the result of an attempted trial *after* plaintiff had dismissed his action is a nullity as to the dismissing plaintiff when the defendant's pleadings were purely defensive.

Headnote 1:  34 C. J. p. 996.

Headnote 1:  9 R. C. L. 209.

*Certiorari to Allamakee District Court.*—M. H. KEPLER, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Proceedings in certiorari to determine the correctness of a decree entered by defendant in the case of *Eclipse Lbr. Co. v. City of Waukon,* 204 Iowa 278, in so far as the interests of the Southern Surety Company were involved.—*Writ sustained.*

*A. L. Schuyler,* for plaintiff.

*W. M. McLaughlin,* for Southern Surety Company.

ALBERT, J.—In the case of *Eclipse Lbr. Co. v. City of Waukon,* 204 Iowa 278, one of the parties defendant was the Southern Surety Company. In that case a decree was entered, and, on motion to set aside the same, the court sustained the motion as to all parties defendant except the Southern Surety Company, and refused to set it aside as to said company. An appeal was taken by all of the defendants except the Southern Surety Company, and the same has been submitted to this court, and an opinion filed at the present sitting. As to the part of the order made on the motion refusing to set aside the decree as to the Southern Surety Company, this certiorari proceeding was instituted, to test the validity of the decree entered in the original case.

The questions involved in this proceeding are largely, if not wholly, determined by the opinion filed in the case of *Eclipse Lbr. Co. v. City of Waukon,* supra. The point made in this proceeding is that, after the Eclipse Lumber Company had dismissed its case in the original action, it was no longer within the jurisdiction of the court, and the court had no authority thereafter to enter any decree whatever against the Eclipse Lumber Company. We have settled this point in the opinion filed in the original case, holding that the Eclipse Lumber Company had the right to dismiss its action, and when it did so, the court lost jurisdiction of that cause of action and the parties thereto; but, notwithstanding this, the court entered a decree in

which the Eclipse Lumber Company is treated as a party to the action, and apparently the decree was intended to be binding upon the Eclipse Lumber Company. Having determined in the original action herein that the jurisdiction of the court ceased upon the dismissal by the plaintiff of its cause of action, the court, of course, had no right whatever to include the Eclipse Lumber Company in the decree rendered therein, and when it did so, its action was wholly void for want of jurisdiction.

It follows, therefore, that the writ sued out herein should be sustained, and it is so ordered.—*Writ sustained.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.