JOSEPH LYON et al., Petitioners, v. JOHN E. CRAIG, Judge, Defendant.

No. 41036.

OCTOBER 20, 1931.

Herminghausen & Herminghausen, for petitioners.

E. H. Pollard and J. R. Leary, for respondent.

ALBERT, J.—On the 10th day of December, 1929, an action was instituted in Lee district court entitled Cala L. Little, plaintiff, v. J. A. Lyon et al., defendants. The action was in equity to partition certain real property. Due notice was served on all parties either by personal service or publication.

On January 18, 1930, two days before the commencement of the January term, the plaintiff, Little, filed with the clerk

of the district court of Lee county a written dismissal of said action and the clerk made a record thereof. On January 21, 1930, the judge's calendar shows that default was granted against all defendants except Nannie M. Smith and David N. Spaulding. On January 29, 1930, David N. Spaulding filed a motion to strike plaintiff's dismissal, and the first ground of this motion was that the pleadings showed on their face that said purported dismissal was null and void and of no force and effect. Second, that said pleadings showed on their face that said Cala L. Little had theretofore disposed of all of her interest in and to the property described in said petition. Third, that said pleadings showed on their face that the defendant David N. Spaulding held a power of attorney from the said Cala L. Little, which said power of attorney authorized the said David N. Spaulding to take whatever action he deemed necessary in the name of Cala L. Little to protect the interest conveyed to the said David N. Spaulding by the said Cala L. Little.

Nothing further seems to have been done in the case until January 22, 1931, when Omar E. Herminghausen, one of the defendants named in the above entitled cause, filed special appearance for the sole purpose of attacking the jurisdiction of the court, and the grounds stated therefor are in substance: 1st. That proper service was made on all defendants either by publication or personally. 2nd. That Cala L. Little, the sole plaintiff, did, on January 18, 1930, file her dismissal in said suit with the clerk of said court. 3rd. That the above action is an action for the partition of real estate, and involves the title thereto, and that proceeding after the dismissal places a cloud on the title to said real estate, and defendant, Herminghausen, asks that the court find and order that said court has no jurisdiction, and has no jurisdiction of said parties or the subject matter of this suit since the filing of the dismissal by the plaintiff on the 18th day of January, 1930.

On January 27, 1931, the motion to strike above set out and the special appearance and plea to the jurisdiction were taken up before the court and the filer of the special appearance, Herminghausen, appeared for himself. The court found that the question of jurisdiction raised by the special appearance ''is not well taken, and the court holds that he has jurisdiction of the parties and the subject matter of the said suit. The court

also finds that the motion to strike filed by the plaintiff herein should be sustained. It is therefore ordered that said motion to strike filed on January 29, 1930, by the plaintiff be and the same is hereby sustained, and the jurisdiction of the court in said case is hereby upheld.''

On the 27th day of February, 1931, a decree was entered in the partition case and default was entered against all defendants except Nannie M. Smith. The court especially found that he had complete jurisdiction of the subject matter of this action and all parties thereto; that the equities of the case were with the plaintiff; that the allegations contained in plaintiff's petition were true, and plaintiff was entitled to the relief demanded. The court further found that Cala L. Little, John A. Lyon, Cora M. Bullard, Joseph Lyon and Delbert R. Lyon were each entitled to an undivided one-fifth interest in and to the real estate in controversy, subject to a mortgage for $1000 to the defendant Nannie M. Smith and a claim of the Clements in the principal sum of $267.75, and further found certain incumbrances against the respective shares of the different heirs, and that the shares of Joseph Lyon and Cora M. Bullard were subject to a mortgage of $500 to Omar E. Herminghausen, and that the interest of Cala L. Little was subject to two mortgages and assignments to the defendant, David N. Spaulding, in the principal sum of $691.00. The court further found that the real estate could not be equitably divided, and in the usual way provided for the sale of the same and the distribution of the assets by a referee.

The petitioners in the certiorari proceedings are Joseph Lyon, Cora M. Bullard and Omar E. Herminghausen. The original plaintiff in the case, Cala L. Little, is not a petitioner in the proceedings for a writ of certiorari. The petition alleges, among other things, that the order setting aside the plaintiff's dismissal of said action and petition and said decree of the court are illegal and void for the reason that said defendant, acting as judge of the district court, acted illegally and beyond his jurisdiction as judge and the jurisdiction of said district court, and that said order of the court constituted a cloud on the title of the plaintiff and that an execution of this decree would further cloud the title of plaintiffs and all parties interested in said

real estate, and that plaintiffs have no other plain, speedy and adequate remedy.

On September 9, 1931, there was filed in this court by the respondent a motion to quash the writ theretofore issued by this court and the grounds stated therefor are: 1st. That certiorari is not the proper remedy for relief which the petitioners seek. 2nd. Petitioners have an adequate remedy by appeal. 3rd. Appeal and not certiorari is the proper remedy for the relief which the petition seeks. 4th. Cala L. Little, the only person aggrieved by the action of the respondent, is not seeking any relief by way of certiorari.

The question before us under the motion to quash is whether or not the petitioners' remedy is by appeal or whether certiorari will lie under the facts of the case.

Section 12456, Code, 1927, reads as follows:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy."

The basis of this motion to quash is that certiorari does not lie in the present instance for the reason that the petitioners had a plain, speedy and adequate remedy by appeal. The merits involved under this certiorari, together with the motion to quash, are so closely allied and interdependent that we prefer to discuss them in the following manner:

Section 11562, Code, 1927, provides that an action may be dismissed:

"1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court."

Section 11566 provides:

"Any party to any claim may dismiss the same in vacation, and the clerk shall make the proper entry of dismissal on the record," etc.

The record shows that on the filing of this motion to dismiss by the plaintiff, the clerk made a record thereof. It necessarily follows, therefore, that at the time the presiding judge opened

the January, 1930, term of said court, plaintiff's cause of action and case had been dismissed in compliance with the requirements of the statute, and the court had no such case pending before it. But notwithstanding this, it considered a motion to strike the dismissal from the files and also the special appearance, entered a ruling on each, and entered judgment in favor of the plaintiff and against the defendants in the decree of partition. Did the court have jurisdiction to make these rulings and enter this judgment at the time it did?

It is too obvious for discussion that the court had no jurisdiction whatever in this cause at the time of the opening of this term or at any time thereafter. Adverting now to the motion to quash, the question is whether or not under such circumstances, certiorari will lie, or whether appeal is the exclusive remedy.

In the case of Bardes v. Hutchinson, 113 Iowa 610, the plaintiff dismissed his action before trial by declaration in open court. The court did not enter this dismissal at once upon the record and heard testimony on the part of the defendants, and thereupon entered judgment against the plaintiff who later sued out a writ of certiorari from this court. We there said (l. c. 614):

"We have next to consider whether *certiorari* is the proper remedy. Upon dismissal, there being no counterclaim, the jurisdiction over plaintiff ceased, and, when an inferior tribunal acts without jurisdiction, such a remedy is proper." In this case we further said: "When it was disclosed to the presiding judge that plaintiff's case was dismissed, the fact became apparent that the latter was out of court. Page v. Sackett, 69 Iowa 226."

This case was determined on its merits and the judgment complained of was annulled.

In Davis v. Preston, 129 Iowa 670, the plaintiffs in the original case dismissed their action before the final submission of the case. We there said (l.c. 673):

"It follows that the lower court should not have attempted to render a judgment for the defendant on the theory that the allegations of the answer and the prayer embodied therein were equivalent to a counterclaim. When the plaintiffs dismissed

their action as authorized by code section 3764, the court was without jurisdiction to proceed further, for as already indicated, there was nothing which could have been construed as a counterclaim, and which the court could proceed to determine under Code, section 3766. Bardes v. Hutchinson, Judge, 113 Iowa 610. As said in the case just cited, 'upon dismissal, there being no counterclaim, the jurisdiction over plaintiff ceased and when an inferior tribunal acts without jurisdiction,' *certiorari* is the proper remedy to be employed by the party who has thus dismissed to question the validity of the judgment subsequently rendered. Counsel for defendant in. this proceeding contend that the action of counsel for plaintiffs in this proceeding below, in remaining in the case and taking exceptions to the final judgment, and waiting until the time for appeal had expired before instituting this proceeding by *certiorari*, having barred plaintiffs from questioning the jurisdiction of the trial court to render the judgment which was rendered. But this contention ignores the fundamental proposition that a court cannot act without jurisdiction, and that no laches or consent will confer a jurisdiction which is otherwise wanting.''

In Young v. Preston, 131 Iowa 292, a temporary injunction was issued to restrain a liquor nuisance. In that case appeal was held to be the proper remedy, and certiorari would not lie, but in the discussion of the case the court said:

''The defendant urges that the plaintiffs have a full and complete remedy by appeal, and that *certiorari* will not lie. If the judge acted without jurisdiction, however, it is clear that *certiorari* is the proper proceeding. Code section 4154; Abney v. Clark, 87 Iowa 727.''

In U. S. Standard Voting Machine Co. v. Hobson, Judge, 132 Iowa 38, this court said:

''But, where the action complained of is in excess of the jurisdiction of the court, it is doubtful whether the remedy by appeal is ever plain, speedy, and adequate.''

In Owen & Kendall v. Smith, 155 Iowa 463, a judgment was entered dismissing an action, and at a subsequent term of court the judge entered an order setting aside this dismissal and

reinstating certain parts of plaintiff's petition. This was done without notice to the opposing parties. We there said: ·

"Without this notice, the trial court had no jurisdiction, and its orders vacating the judgments were null and void. * * * (Citing cases) That certiorari is the proper remedy in such cases, see Bardes v. Hutchinson, supra."

In Hickman v. Hunter, 159 Iowa 201, plaintiff dismissed his action on the 5th day of September, 1912, and a counterclaim was filed on September 11th. We there said:

"In Page v. Sackett, 69 Iowa 226, defendants filed a counterclaim after plaintiffs had dismissed their action, which was stricken on motion of plaintiffs. In that case the court said: 'But the provision (of the Code) surely was not intended to authorize the trial of new causes of action, in favor of the defendant, not set up before the dismissal. The provision clearly contemplates the trial of a counterclaim pleaded before the dismissal of the action and reaches no further. It does not contemplate that the defendant may, by pleadings subsequent to the dismissal, introduce causes of action not before involved in the case.' See, also, Bardes v. Hutchinson, 113 Iowa 610; Holmes v. Hull, 48 Iowa 177. The fact that defendants objected to the dismissal and gave notice that they would thereafter file a counterclaim is not material. Plaintiff had the right to dismiss, and when he did dismiss he was out of court." The court concluded: "The judgment being void for want of jurisdiction, certiorari is the proper remedy. Bardes v. Hutchinson, 113 Iowa 610; Davis v. Preston, 129 Iowa 670. The judgment of the district court must be, and it is, annulled."

In Des Moines Union Ry. Co. v. District Court of Polk County, 170 Iowa 568, the court, on its own motion, had dismissed the action, and the proceeding was instituted at a subsequent term to vacate this order. We there said:

"* * * but where jurisdiction has not been acquired, or having been once acquired is lost by the entry of a final judgment and the passing of the term at which the entry was made, it can be obtained or re-acquired only in the manner prescribed by statute, or by the appearance of the party or by his waiver

of notice. Here, as we have said, there was no service of notice or acceptance of service, and from the date of the judgment of dismissal, there was no appearance in behalf of the company. It is doubtless true that the counsel who appeared and answered for the defendant prior to the dismissal were informed of the order vacating the judgment and of the re-assignment of the cause for trial, but this, under the repeated holdings of this court, was insufficient to the acquirement of jurisdiction over the defendant.'' Later in the opinion it is said: ''We are united in the opinion that the court was without jurisdiction to consider the plaintiff's application for reinstatement of the action for trial. It is therefore ordered that the writ of certiorari be sustained and the order made by the trial court vacating the judgment of dismissal and the entry of damages against the defendant be and the same are hereby—*Annulled.*''

In West Davenport Improvement Co. v. Theophilus, 177 Iowa 353, the question raised was whether certiorari or appeal was the proper remedy, and we there said:

''It is contended by defendants that certiorari will not lie because the matters complained of could have been reviewed on appeal. Ordinarily, mere errors must be so corrected. Want of jurisdiction could be tested by either appeal or certiorari. In this case, the plaintiffs claim that the district court exceeded its jurisdiction and had no authority to enter so much of the modified decree as they claim was in excess of or contrary to the order of the Supreme Court modifying the original decree; and plaintiffs also claim that the issues raised by the pleadings did not justify the parts of the modified decree to which they are now objecting. If, by the modified decree, the district court exceeded its jurisdiction, the question could be tested by certiorari.'' Citing cases.

In Des Moines Union Ry. Co. v. Funk, 185 Iowa 330, l. c. 337, this court said:

''It is the general holding of the courts that, where the objection made is one of jurisdiction,—of a jurisdictional nature,— and it is shown satisfactorily that the proceeding sought to be reviewed is wholly unauthorized, the mere right of appeal is

not speedy or adequate, within the meaning of the statute, and certiorari will, therefore, lie.'' Citing cases.

In Turner v. Woodruff, 192 Iowa 848, we said:

''When the plaintiffs in the equity action dismissed their petition voluntarily and without prejudice, the court's jurisdiction over the plaintiffs ceased, and any decree thereafter entered against them upon an answer that was nothing more than a general denial was absolutely void. Bardes v. Hutchinson, 113 Iowa 610; Davis v. Preston, 129 Iowa 670. A writ of certiorari will lie to review the action of a court in entering a decree that is utterly void for want of jurisdiction, and in such proceeding in certiorari such void decree may be annulled and set aside.''

In Eclipse Lumber Co. v. Kepler, 204 Iowa 286, the proceedings were to determine the correctness of a decree entered in an equity case. We there said:

''The point made in this proceeding is that, after the Eclipse Lumber Company had dismissed its case in the original action, it was no longer within the jurisdiction of the court, and the court had no authority thereafter to enter any decree whatever against the Eclipse Lumber Company. We have settled this point in the opinion filed in the original case, (Eclipse Lumber Co. v. City of Waukon, 204 Iowa 278) holding that the Eclipse Lumber Company had the right to dismiss its action, and when it did so, the court lost jurisdiction of that cause of action and the parties thereto; but, notwithstanding this, the court entered a decree in which the Eclipse Lumber Company is treated as a party to the action, and apparently the decree was intended to be binding upon the Eclipse Lumber Company. Having determined in the original action herein that the jurisdiction of the court ceased upon the dismissal by the plaintiff of its cause of action, the court, of course, had no right whatever to include the Eclipse Lumber Company in the decree rendered therein, and when it did so, its action was wholly void for want of jurisdiction.''

The writ of certiorari was sustained.

Applying these decisions to the case before us, it appears that there can be but two conclusions: First, the writ of cer-

tiorari will lie and is the proper remedy under these circumstances; and second, that the court was wholly without jurisdiction to rule and enter judgment as it did. The holding, therefore, is that all of the proceedings had by the court, after the filing of this dismissal by the plaintiff, are null and void and the writ of certiorari is sustained, and all proceedings, including the decree of partition, are annulled.—Writ Sustained.

FAVILLE, C. J., and STEVENS, DE GRAFF and WAGNER, JJ., concur.