George Russell Oakes, plaintiff-appellant, v. Charles Willis Oakes et al., defendants and referee-appellees; Harold Paulk Oakes et al., defendants-appellants.

No. 51208.

(Reported in 125 N.W.2d 835)

January 14, 1964.

William O. Lewis, of Harlan, for plaintiff-appellant and defendants-appellants.

G. O. Hurley, of Harlan, for defendants-appellees.

Keith More of More & More, of Harlan, for referee.

STUART, J.—This appeal is the last of a series of delaying maneuvers designed to postpone the partitioning of a farm as long as possible. Some of the owners felt the farm should be retained to provide a home for a sister, Grace Smith, and her handicapped child. Our duty is not to judge the morality of their intentions but the legal propriety of the manner in which they sought to achieve this end.

Laura Paulk Oakes died intestate on January 12, 1962. At the time of her death she owned a 120-acre farm in Shelby County. She was survived by six children, George Russell Oakes, Leland Oakes, Harold Oakes, Charles Willis Oakes, Grace Smith and Hazel Wunder. Anticipating some differences of opinion within the family as to the handling of the estate and the disposition of the farm, Leland and Russell Oakes, on January 15, 1962, employed Jake More, an attorney at Harlan, Iowa, to open their mother's estate. Leland Oakes was appointed administrator. Although these parties did not want to sell the farm, they told Mr. More that Charles Oakes and Hazel Wunder would insist upon a sale. To be in a position to control the partition of the real estate, Russell Oakes filed a petition in partition on January 16, 1962. Claims were filed in the estate by Leland Oakes, Russell Oakes and Grace Smith totaling $29,000 which exceeded the personal property in the estate.

No hearing was held on the claims, nor was there any activity in the partition action until August 14, 1962, at which time Mr. More wrote letters to all heirs setting a meeting for August 28 to discuss the closing of the estate and the settlement of the partition action.

On August 23, 1962, a letter was delivered to the clerk of the District Court of Shelby County which contained the following:

"To The District Court, Shelby County, Iowa

"I have filed a partition action in the Laura Paulk Oakes estate matter.

"I have now determined that I do not care to continue on with this action, and I would appreciate your dismissing it for me.

"I will of course, pay the court costs.

Sincerely yours,

/s/ Russell Oakes"

The clerk delivered the letter to the Honorable Bennett Cullison, Judge, who made a note on the envelope requesting Jake More to see him about it at a later date. The letter was never actually filed in the partition action but was retained by Mr. More. At the meeting set for August 28, only Harold Oakes and G. A. Hurley, attorney for Hazel Wunder and Charles Willis Oakes were present. On this date Harold Oakes was shown the letter of dismissal which had been sent by Russell Oakes. He thought the action should be dismissed.

On September 18 all of the heirs were either present in person or represented by counsel at a meeting in the courtroom of the courthouse in Harlan, except Russell Oakes, plaintiff, who was in the hospital. Mrs. Wunder was insisting that the estate be closed and that they proceed with the partition action. Jake More testified that he called Russell Oakes at the hospital and told him they either had to proceed with the partition suit or dismiss it. Mr. Oakes told him he might as well go ahead. Mr. Oakes denies making this statement.

The decree of partition was entered September 21 and the referees and appraisers were appointed. On October 4, the appraisers returned their report of value at $315 per acre. On the first day of December, 1962, a report of sale to outside parties for $330 per acre was filed. On December 11, 1962, Russell Oakes and Leland Oakes filed an application for continuance on the hearing on the report of sale. At the hearing on the application for continuance Russell and Leland were given until January 14 to submit a bid for the real estate. A bid was submitted which was increased by the outside parties to $355 per acre. A second report of sale including the proceedings on January 14 was filed and an order approving the report of sale was signed January 15.

On February 14, 1963, a "Motion to Set Aside Default Order Approving Report of Sale, Motion to Vacate Order Approving Sale, and Petition to Vacate Partition Decree and Order Approving Sale" was filed by Russell and Leland Oakes and

Grace Smith in which Harold Oakes joined. This paper alleged: (1) The partition action had been dismissed in writing by the plaintiff in the letter of August 23. (2) It was filed within six months after the appointment of the administrator of the estate of Laura Paulk Oakes in violation of R. C. P. 270. (3) The parties were not adequately represented by counsel and wish to object to the sale. Resistance was filed to said application by the referees and Charles Oakes and Hazel Wunder. On February 20 Russell Oakes filed a motion for continuance which was overruled. The trial court denied the application and reaffirmed the sale.

On appeal appellants claim the court lost jurisdiction when the letter of dismissal was received by the clerk of the district court and therefore the court exceeded its judicial discretion when he refused to vacate the partition decree. A registered letter signed by plaintiff requesting dismissal of an action which is received by the clerk of the district court is sufficient to constitute a voluntary dismissal. Luse v. Luse, 144 Iowa 396, 122 N.W. 970; Bardes v. Hutchinson, 113 Iowa 610, 85 N.W. 797; Lyon v. Craig, 213 Iowa 36, 238 N.W. 452. This is conceded by appellees. In the instant case, however, we have the further circumstance that plaintiff and all other parties who now seek dismissal consented to the jurisdiction of the court and participated in proceedings following the decree. The question of lack of jurisdiction was not raised until third parties were the highest bidders on the sale of the farm. Having consented to the jurisdiction, they are estopped to deny the authority of the court to proceed except where the court lacks jurisdiction of the subject matter. In re Appeal of McLain, 189 Iowa 264, 268, 176 N.W. 817; McKim v. Petty, 242 Iowa 599, 604, 45 N.W.2d 157. The district court has general jurisdiction of partition actions and therefore the parties could consent to the jurisdiction of the court.

The appellants are not in a position to complain because the action was instituted within the six-month period in violation of R. C. P. 270 by reason of their consent to the jurisdiction of the court.

They do not claim on appeal that they were not adequately represented by counsel nor would such a claim be justified.

For the reasons hereinabove set out the case is affirmed.— Affirmed.

All JUSTICES concur.