**WITT MECHANICAL CONTRACTORS, INC., Appellee,**

v.

**UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, LOCAL 772 (A.F.L.–C.I.O.), et al., Appellants.**

No. 2–56982.

Supreme Court of Iowa.

Jan. 21, 1976.

Albert J. Stafne, Jr., Stafne & Lewis, Bettendorf, for appellants.

G. Wylie Pillers, III, Pillers, Pillers & Pillers, Clinton, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendants-appellants challenge trial court's ex parte order approving plaintiff's voluntary dismissal of its labor dispute injunction action before trial and also assert trial court erred prior thereto in overruling their special appearance based on jurisdictional grounds.

I. Plaintiff (Witt) commenced this action after defendants (Unions) allegedly instituted a picket at Witt's construction site in Camanche, Iowa. Witt sought an injunction pursuant to Code section 736B.5 alleging, among other things, unlawful labor practices in violation of the provisions of Code chapter 736B and section 158(b)(7)(c), 29 U.S.C. An ex parte injunction was thereafter ordered by the lower court, effective upon posting a $5000 bond by Witt to cover "any damages sustained by Defendants as a result of the issuance of this Restraining Order." Such a bond was filed.

A week after the injunction was imposed, Unions filed a special appearance challenging trial court's jurisdiction alleging the existence of exclusive jurisdiction over such labor disputes in the National Labor Relations Board (NLRB). Following a hearing, the lower court overruled Union's special appearance citing absence of action by NLRB as justifying state court action.

Defendant's answer, filed July 17, 1973, denied generally the allegations of Witt's petition and asserted as a defense federal pre-emption of such controversies. On September 28, 1973, for reasons undisclosed by the record, Witt filed a "Dismissal" of its action and asked "that the Injunction and Restraining Orders issued against the above named Defendants be dissolved, and the Plaintiff be authorized to cancel Surety Bonds given for protection of said Defendants." The trial court then entered an ex parte order "that the above and foregoing captioned matter be dismissed, that all injunctions issued pursuant to Plaintiff's Petitions against said Defendants be dissolved, that the Plaintiff and all sureties, be released from their official bond, and that the cost hereof be taxed to the Plaintiff."

On October 10, 1973, 12 days after the dismissal order, Unions filed a paper captioned "Motion to Vacate Dismissal and to Reinstate Action" alleging they had been prejudiced by dismissal of Witt's action and that important issues presented by the case compelled the court to reinstate Witt's action, and we presume, force Witt to litigate its claims.

Prior to trial court's overruling of the motion to reinstate, Unions filed an amended answer with an opinion from NLRB attached, advising the parties that it would assert jurisdiction over the controversy. Unions' notice of appeal to this court was filed January 7, 1975.

II. Unions argue the lower court erred in denying their motion to reinstate Witt's action, and that prejudice resulted therefrom. We do not agree.

■ It is well settled a plaintiff has an absolute right to dismiss his cause of action at any time before final submission thereof to the jury, or the court when the trial is without a jury. The effect of such dismissal when defendant's pleadings are solely defensive is final and terminates the jurisdiction of the court thereof. *Lunt Farm Co. v. Hamilton,* 217 Iowa 22, 27, 250 N.W. 698, 701; *Lyon v. Craig,* 213 Iowa 36, 40, 238 N.W. 452, 454; *Ryan v. Phoenix Ins. Co.,* 204 Iowa 655, 656, 215 N.W. 749, 750; *Eclipse Lbr. Co. v. City of Waukon,* 204 Iowa 278, 283, 213 N.W. 804, 807. See also 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit, section 6; 27 C.J.S. Dismissal & Nonsuit § 7, p. 325.

Rule 215, Rules of Civil Procedure, provides:

"A party may, without order of court, dismiss his own petition, counterclaim, cross-petition or petition of intervention, at any time before the trial has begun. * * *."

III. Witt's filing of a request for dismissal of its action was sufficient to authorize trial court to make an entry of dismissal or nonsuit. *Sullivan v. Coakley,* 205 Iowa 225, 226, 217 N.W. 820, 821; *Bardes v. Hutchinson,* 113 Iowa 610, 85 N.W. 797.

IV. A general denial and prayer for general equitable relief such as filed by Unions, furnishes no authority whatever for decreeing them affirmative relief after Witt dismissed its action. *Turner v. Woodruff,* 192 Iowa 848, 851, 185 N.W. 910, 911, and citations.

Under the record Witt's dismissal was absolute. Like the trial court, we are without authority to order any relief to Unions in this action. It must also be noted that if we had jurisdiction and the case was alive, Unions now seek no relief they do not already have.

This appeal must be dismissed. However it is without prejudice to any rights of Unions to claim damages against Witt and the surety on the injunction bond suffered prior to Witt's voluntary dismissal. *Des Moines Sav. Bank v. Krell,* 176 Iowa 437, 447, 156 N.W. 858, 861.

V. Since Unions' appeal must be dismissed on the grounds already stated we have not considered Witt's contentions Unions' motion to reinstate did not toll the 30-day period for giving notice of appeal and that the notice was not timely.

Appeal dismissed.